Pettibone, J.,
delivered the opinion of the Court.
This was an action of assumpsit, brought by Hill & Keese, plaintiffs in the Court below, for work and labor done for the defendant, &c. Plea, non-assumpsit, and notice of set-off. The notice was in these words: “the defendant gives notice to the plaintiffs, that on the trial of this cause he will claim a set-off for five thousand dollars, for lots in the town of Harrisonville, in the State of Illinois, for goods, wares and merchandise, for money lent and advanced, and for money paid, laid out and expended, by the defendant for the plaintiffs, before that time, sold and delivered, done and performed, to and for the plaintiffs, at their request, before the bringing of this suit; and for a note of @78, due 25th April, 1817, and interest due thereon; and for house rent due by plaintiffs, for use and occupation of house of defendant at their request, and for moneys by plaintiffs before that time had and received, to and for defendant’s use.” This notice was objected to on the trial upon two grounds: Eirst, that it did not contain sufficient particularity to admit of evidence under it. Second, that for reasons shown in the bill of exceptions, it did not properly belong to the files. It is only necessary to notice the first objection, as we think it sufficient. A set-off being in the nature of a cross action, the notice should contain the substance, at least, of a declaration. Eorm in them is not to be regarded. But there is no part of this notice that alledgcs a good and subsisting cause of action, at the time of the commencement of the suit. It is, therefore, bad in substance, and all evidence offered under it was properly excluded.
The defendants on the trial relied upon an account which he had against plaintiffs, as payment of part of the plaintiffs’ demand. It appeared in evidence that at the time the cause of action arose, the plaintiffs were in partnership, but had since dissolved. The defendant gave in evidence the admission of Keese, made since the dissolution of the partnership, acknowledging the account, and that it was to go in payment. Whereupon the counsel for the plaintiffs moved the Court to instruct the jury, that the admission of Keese, since the dissolution of said partnership, relative to the partnership concerns, was not evidence to charge himself and Hill jointly. This instruction was given and excepted to by defendant. The question is, was this instruction right? We think the instruction was correct. The rule is well settled, that one partner cannot, after dissolution, bind his co-partner by acknowledging an *226 account, any more than he can give a promissory note to hind him; Hackley v. Patrick, 3 Johns. Rep. 536; 2 do. 300; 6 do. 269; 3 Esp. Rep. 108; 15 Johns, 409.
The next and only point of any consequence remaining in the case, relates to the application of some payments made hy defendant to plaintiffs. The plaintiffs’ counsel contended in argument before the jury, that the payments which the defendant had proved, ought to go towards the payment of work done by plaintiffs for defendant, under a covenant between them, which work had been proved to have been done. On this subject the defendant’s counsel requested the instructions of the Court, contending that it was impossible for the jury to ascertain, from the evidence in this case, whether any thing was ever due under the covenant; and if any thing, how much; and whether it had not been paid, or how much was due at the time of the trial. But the Court instructed the jury, that if it appeared that work had been done under the covenant, the plaintiffs had a right to credit the payments to the said work, unless otherwise directed by the defendant, when the payments were made, so far as such work might meet them. To this opinion of the Court, the defendant excepted. The bill of exceptions is very defective in setting out this part of the case. It does not show us what the covenant was, nor whether the plaintiffs had complied with their part of it, so as to create any obligation on the part of the defendant. If the covenant, and the evidence relating to it, had been set out, we should have been enabled to see whether any thing was due under it, from defendant to plaintitfs, at the time of the payments made. But we are left entirely in the dark, and we are obliged to decide upon this instruction, without the benefit of the testimony to which it was intended to apply. The instruction to the jury is not strictly correct, and might very naturally mislead them; and as we have not the evidence before us to enable us to judge whether they might not have been misled, we shall be obliged to reverse the judgment. The Judge erred in telling the jury, “that if it appeared that work had been done under the covenant, the plaintiff had a right to credit,” &e.; whereas, he ought to have instructed them, that if it appeared that any thing was due from the defendant to the plaintiffs, under the covenant, the plaintiffs had a right, &c. It does not necessarily follow, that, because work may have been performed under a covenant, that therefore the party can recover for it. He may not have fulfilled his part of the covenant, so as to entitle him to receive pay. And as the attention of' the jury was called to the single fact of work having been done under the covenant, and not to the fact of the defendant’s indebtedness under it, we think the instruction wrong, and that the judgment below must he reversed, and a new trial awarded.
As to the application of payments, we think the rule, to he, that if there are two demands against a person, the debtor has a right to direct to which demand the payment shall be applied. But if the debtor, at the time of payment, does not direct the application, the creditor may at any time apply it to which demand he pleases. The rule is so laid down hy the Supreme Court of the United States, in 4 Crunch, 317, which we adopt as the law.
Judgment reversed, with costs.