Lackland vs. Dougherty.

1. If parol, contemporaneous evidence is inadmissible to contradict or vary the terms of a valid or written instrument, *a fortiori* this is true of a solemn, judicial record : Weber vs. Schmeisaxr, 7 Mo. 600; 3 Dev. 423.

2. Copies of proceedings before justices of the peace, certified by the justice, before whom the proceedings are had, *shall be evidence of such proceedings*: Rev. Code, 45 page 470 sects. 21, 23.

3. A Justice's judgment, apparently regular, cannot be collaterally impeached by any parol evidence. It is a judicial proceeding, which is conclusive, unless upon some other proceeding directly to avoid it: Jones vs. Jenkins, 4 Dev. & Ball 492; Tarbox vs. Hays, 6 Watts 398.

4. The jugdment of a court of concurrent jurisdiction is as a plea, a bar, or as evidence conclusive between the same parties, upon the same matters directly in question in another court: Burt vs. Stembery, 4 Cow. 559 ; Gardner vs. Buck., 3 ib. 120; Wallace vs. Usher, 4 Bibb. 508; Hayden vs. Booth, 2 A. K. Marsh. 353.

The proper way for the appellant to review the decision of Justice Kitzmiller, was to appeal. Failing in that he must suffer the legitimate result of his own laches.

---

LACKLAND, CIRCUIT ATTORNEY, vs. DOUGHERTY, CITY RECORDER.

1. The act requiring the circuit attorney to commence and proseeute all civil and criminal actions, in which the State, or any county in his circuit, may be concerned; to defend all suits brought against the State, or any county in his circuit; and to prosecute forfeited recognizances, and actions for the recovery of debts, fines, penalties and forfeitures, accruing to the State, or any county in his circuit, does not apply to cases arising under the act, forbidding the residence of free negroes in this State, without license; and the circuit attorney is not entitled to a fee for an appearance and conviction, in such cases.

Lackland vs. Dougherty.

## APPEAL from St. Louis Circuit Court.

### STATEMENT OF THE CASE.

The appellant (Lackland,) on the 24th of May, 1851, filed in the St. Louis circuit court, a petition, stating, that on the 7th of November, 1848, he was duly elected and qualified as circuit attorney of the 8th judicial circuit of said State, and entered upon the discharge of the duties of said office, which duties he was still discharging. That by statute (see Rev, Code 1848, page 156 sec. 11,) it is made his duty, as circuit attorney, to commence and prosecute all civil and criminal actions in which the State or the county of St. Louis may be concerned; and that owing to the amount of business of said office, said appellant was compelled to obtain assistance, or to suffer a large share of the duties of said office to go unattended to, and, on this account, said appellant, on the 20th of April, 1851, obtained and fully authorized and empowered a suitable and competent person, to-wit, Charles G. Mauro Esq., an attorney at law, to assist him, and to represent him, and to represent the State for him in all cases in which the said State or the county may be concerned, arising or occurring in the recorder's court of the city of St. Louis; and that on the 16th of May, 1851, one Emily White, a free mulatto woman was arrested for residing in said State without a license. The said case came on for trial before said respondent, recorder aforesaid, and then and there said Emily White was found guilty and adjudged to pay a fine of ten dollars, and forthwith to leave the State : and that in said trial, the same being the prosecution of an action in which the State is concerned, and in behalf of the State said appellant, by his said agent, Charles G. Mauro, appeared, rendered the services required of him in said cause, and prosecuted the same to conviction ; and that on the 17th of May, 1851, the said respondent issued an execution for the collection of said fine and the costs, but omitted to tax and endorse upon said execution a fee of four dollars, which is allowed by law to said appellant for the services rendered in said cause; and on the 23d of May, 1851, said appellant moved the said respondent to retax the costs in said cause, and to tax, upon said execution, said fee of $4 00; and at said time, said appellant offered to prove that he was circuit attorney as aforesaid; that he had authorized said Mauro to attend to said case for him, and that he actually performed the services. All of which proof, said respondent declined to hear, and admitted the same to be true; but, nevertheless, he overruled said motion, and refused to allow said fee to be taxed on said executions, and said appellant, in his said petition, prayed for a mandamus from said circuit court on said respondent, requiring him to tax said fee of $4 00. On the 24th of May, 1851, said circuit court ordered an alternative mandamus, requiring said respondent to tax said fee, or to show cause, on or before 27th May, 1851, why he had not done so. At the same time said respondent filed an answer to said petition, admitting all the facts stated in said petition; and said that the only reason why said fee was, not taxed in said case was, that according to his conception of the law, defining the duties, and regulating the fees of the said circuit attorney, the said appellant was not entitled to said fee.

On the 4th of June, 1851, the appellant filed a demurrer to said answer, which was heard by the circuit court and overruled, and said court refused to grant the writ of mandamus, and discharged said respondent. On the 5th of June, 1851, appellant filed a motion for a re-hearing, which was overruled by the court. On the 6th of June, 1851, appellant filed a bill of exceptions and appealed to this court.

LACKLAND & JAMISON, for appellant, say:

The main question in this case is, whether the circuit attorney is entitled to a fee of $4 00 for prosecuting to conviction a free negro or mulatto for residing within this State without a license. We contend that he is entitled to said fee, because,

Lackland vs. Dougherty.

1. By section 11, chapter 12, concerning attorney general, circuit and county attorney, Rev. Code, 1845, page 156, (State edition,) it is made the duty of the circuit attorney to commence and prosecute all civil and criminal actions, in which the State or county may be concerned, and also to prosecute forfeited recognizances and actions for the recovery of debts, fines, penalties and forfeitures accruing to the State or county. By sec. 7, chapter 123, concerning negroes and mulattoes, Rev. Code 145, no free negro nor mulatto is permitted to reside within this State without a license; and by section 23rd of said act, it is made the duty of certain officers therein mentioned, to apprehend all negroes and mulattoes who are not authorized to reside within this State and take them before some justice of the peace; and by virtue of 28th section of said act, if such negro or mulatto be guilty, the justice is required to sentence him or her to pay a fine of $10 00, and forthwith to leave the State; and by sec. 24 of said act, the recorder of the city of St. Louis shall possess all the powers, and perform the duties intrusted to justices of the peace made by virtue of said act.

2. We say, that when said Emily White, a free negro or mulatto, was arrested for residing within this State, without a license, and brought before the said recorder, a suit was instituted before the recorder of the city of St. Louis, wherein the State was concerned and a party, it was the duty of the circuit attorney to appear for the State and prosecute said action or suit to final judgment; and he having done so and said Emily being convicted, the circuit attorney is entitled to pay, for the services rendered, as aforesaid.

By sec. 2, chap. 62, concerning fees, Rev. Code, 1845, page 490, the circuit attorney is allowed a fee of $4 for any judgment obtained upon any proceeding of a criminal nature, otherwise than by indictment; and also a fee of $4 for his services in all actions which it is, or shall be made his duty by law to prosecute or defend; which last provision is contained in the act regulating the fees of the circuit attorney of the 8th judicial circuit, approved March 1st, 1851. See Ses. Acts of 1850–51, page 216.

3. We say that mandamus is the proper remedy, for it is proper where the injured party has a right to have anything done, and has no other specific means of compelling its performence: See Cooke's Reps. (Tenn.) page 160, Spraggins vs. the county court of Humphries; 1 Wend. N. Y. Rep. page 324, the People vs. Corporation of Brooklyn; 19 Johnson's Report, page 261, Hull vs. Supervisors of Oneida. The circuit attorney had no remedy, to compel said recorder to tax said fee of $4 as part of the costs in said case, except by mandamus.

RYLAND, J., delivered the opinion of the court.

The point before us questions the duty of the circuit attorney, to prosecute in the cases arising under the statute forbidding free negroes to remain in this State without license. If it be his duty to prosecute in these cases, then he is entitled to his fees, otherwise not.

We consider that the act requiring circuit attorneys to prosecute all civil and criminal actions, in which the State or county may be concerned, and also to prosecute on forfeited recognizances, and other actions for the recovery of debts, fines, penalties and forfeitures, does not apply to the special proceeding under the statute about free negroes remaining here without license. If this were the case, then it would be the duty of every circuit attorney in the State, however large the circuit in which he acts, to attend to such proceedings before any justice of the peace within his circuit, which would be absurd. The legislature never designed nor contemplated such a thing.

It not being his duty, as we conceive, he has no right to charge a fee for his voluntary appearance on the part of the State. The circuit court, therefore, decided correctly, in refusing to make the mandamus peremptory. The other judges concurring, its judgment is affirmed.