————o————

GEORGE MIDDLETON, Respondent, *vs.* THE KANSAS CITY, ST. JOSEPH AND COUNCIL BLUFFS RAILROAD COMPANY, Appellant.

1. *Principal and agent—Agency, how proved—Knowledge of facts—Subsequent adoption.*—Where the principal has previous knowledge of all the material facts, an agency may be proved by subsequent ratification and adoption.

2. *Evidence—Judgments between other parties—Agency—Estoppel.*—In a suit by A. against B. for work done at the employment of B.'s agent, a judgment of B. against the agent is no evidence against A.

*Appeal from Nodaway Circuit Court.*

*Mossman & Hale,* for Appellant.

*Johnston & Jackson,* for Respondent.

WAGNER, Judge, delivered the opinion of the court.

This case was originally brought before a justice of the peace, where the plaintiff obtained judgment, and the cause being removed to the circuit court, a trial was therein had, and the judgment was again for the plaintiff. The action was for the price of digging a well by the plaintiff and others for the defendant; and the question turned exclusively upon the fact, whether plaintiff was ever employed by the defendant to do the work. It appeared, that one Shoemaker let out

the contract for the digging of the well, and one of plaintiff's witnesses testified that Shoemaker was acting as defendant's agent.

On the other side defendant's employees swore, that the contract was with Shoemaker himself to dig the well, and that he was not an agent. It was abundantly proved, that defendant's agents examined the well, when it was about being completed, and suggested some alterations, which plaintiff made ; they then put a pump in it, and it has been used at defendant's stock yards ever since.

Upon the question of agency for the plaintiff, the court instructed the jury, substantially, that, if they found that Shoemaker was acting as the agent of the company in making the contract, and was properly authorized to make the contract, or procure the well to be dug, or after having acted as agent, the company approved of his action and accepted the well, then the verdict should be for the plaintiff.

On the question of acceptance, the court told the jury, that it was a matter for them to determine from all the facts and circumstances, as shown by the evidence, and if they found that the agent of the company was present at the completion of the well, examined it, gave directions as to how it should be finished, and with a knowledge of its capacity and dimensions pronounced it sufficient, and put a pump in and used it, such facts would amount to an acceptance. But, although the agent might have examined and measured the well, and given some directions as to the manner of finishing it, yet if he did not agree to accept it, but reserved the right to test it, and put the pump in for that purpose only, then there was no acceptance.

For the defendant the court instructed the jury, that, if defendant by its agents employed Shoemaker to dig the well, and that Shoemaker, after being so employed, made a contract with the plaintiff to do the work, and that defendant never authorized Shoemaker to make the last named contract, or ratified the same after it was made, then the finding should be for the defendant. A further instruction was given, that,

if Shoemaker was authorized or employed to dig the well, and that by the terms of the agreement he was to furnish sufficient water in the well for the uses for which it was intended, or receive no compensation, and if it was found from the evidence, that plaintiff made a contract with Shoemaker to dig the well, then plaintiff cannot recover, unless he has performed the contract made with Shoemaker by defendant, and defendant has received the well, and promised to pay plaintiff therefor.

It is difficult to perceive any valid objections to the instructions. For the defendant, they presented the case in the most favorable attitude. The question of agency was one of fact for the jury, as was also the question of acceptance and ratification.

There was evidence tending to prove the issue made by the plaintiff, and there was a good deal of evidence tending to contradict it on the part of the defendant; but it was for the jury to believe which side of the testimony they thought was entitled to the most credit.

Defendant's last instruction required the plaintiff to fully carry out and comply with the contract made between Shoemaker and the defendant; and it was further required in other instructions, that to bind defendant by its acceptance, it must have had knowledge of all the facts. Where the principal has previous knowledge of all the material facts, an agency may be proved by subsequent ratification and adoption.

The case, we think, was submitted with such manifest fairness, that it is needless to make any argument in support of the rulings of the court. The defendant introduced a judgment of the justice of the peace in a suit between plaintiff and Shoemaker about this same controversy, in which the verdict was for the latter, and asked the court to declare, that this was conclusive against the plaintiff, which the court refused to do. The judgment was between different parties, and any action between plaintiff and Shoemaker individually

would not bar an action against the defendant, if Shoemaker was acting as its agent.

The judgment should be affirmed. All the judges concur, except Judge Vories, who is absent.