## Sidney Edson et al. v. Eugene Angell et al.

### Chester Downer's Appeal.

*Bank drafts.*

Where a draft is deposited in a bank without instructions that it shall be treated as a separate fund, and is forwarded by the bank to its correspondent for collection and deposit to its credit, and the fund in the correspondent bank is continually changing by reason of drafts and deposits so that no specific moneys can be identified, the original depositor cannot, on the failure of the first bank, reclaim the entire amount of his draft from funds then remaining in the correspondent bank to its credit; nor can he recover more than his pro rata share like any other creditor.

Appeal from Ingham. (Gridley, J.) Oct. 23.—Oct. 28.

Intervening petition. Petitioner appeals. Affirmed.

*Olds & Robson* for appellant, to the point that petitioner's money received by the insolvent was a trust fund in his hands, cited *Marine Bank v. Fulton* 2 Wal. 252, and claimed that it could be followed into the receiver's hands : *St. Louis v. Johnson* 5 Dill. 241 ; *Van Alen v. Nat. Bank* 52 N. Y. 1; *Nat. Bank v. Ins. Co.* 104 U. S. 54; *Bayne v. United States* 93 U. S. 642; *Cook v. Tullis* 18 Wall. 332; the receiver is invested with those rights only which the insolvent had before his failure : *Peak v. Ellicott* 30 Kan. 156; *Matter of LeBlanc* 14 Hun 9; 75 N. Y. 598; *Lowene v. Am. F. Ins. Co.* 6 Paige Ch. 484; Story's Eq. Jur. § 1261; a fund that can be identified can be followed : *Frith v. Cartland* 2 Hem. & Mill. 417; *LeRoy v. Globe Ins. Co.* 2 Edw. Ch. 657; 2 Pom. Eq. Jur. § 1051.

*Chas. F. Hammond* and *Cahill, Ostrander & Baird* for the insolvent's receiver. A banker with whom money is deposited which is not to be kept intact becomes the depositor's debtor : Story on Bailments 47, 88 ; *Keene v. Collier* 1 Metc. (Ky.) 415 ; *Aurentz v. Porter* 56 Penn. St. 115 ; *Shoemaker v. Hinze* 53 Wis. 116; general deposits create debts instead of bailments : *Lansing v. Wood* 56 Mich. the title thereto vests in the depository : *Neely v. Rood* 54 Mich. 134; if a trustee mingles trust funds with his own and then becomes insolvent the cestui que trust has no lien on specific moneys but only the right of a general creditor : Perry on Trusts § 128 ; Story's Eq. Jur. § 1289 ; *Ill. T. & S. Bank v. First Nat. Bank* 15 Fed. Rep. 858 ; *Kip v. Bank of N. Y.* 10 Johns. 63 ; *Bank of Commerce v. Russell* 2 Dill. 215 ; *Mills v. Post* 76 Mo. 426 ; *In re Janeway* 4 N. B. R. 100; *In re Hosie* 7 N. B. R. 601.

CAMPBELL, J. In May 1883 Eugene Angell, a private banker in the city of Lansing, became insolvent and made an assignment for the benefit of creditors. The estate was brought into the circuit court for Ingham county, where a receiver was appointed. He received some assets from the bank at Lansing, and some money from banks elsewhere that held funds subject to draft. Among these was the Chase National Bank in New York city, which had at the time of

the failure about $2900. Drafts had been drawn to more than cover this balance, but were not presented before the failure, and were afterwards dishonored.

Petitioner Downer's claim is for something over $800, which he claims was a trust fund included in the Chase National Bank deposit, and which he insists must be paid him in full, instead of putting him to share in a pro rata dividend among general creditors.

The facts which he relies on are not entirely agreed upon, although they are mainly so. In April 1883 Mr. Downer owned some buildings in North Lansing which were rented, and some which were to be repaired and improved. As he lived in another state, and wished to have some one in Lansing look after matters, he made an agreement with Angell to look after his rents and taxes, and to pay the repairing bills as they accrued to two contractors who had them in charge. For this service Angell was to have $100 at any rate, and $25 more if he thought it a proper charge. Mr. Downer left with Mr. Angell a draft for $1000 on a Boston bank, out of which Angell was to make his payments. This draft Angell put to Downer's credit, at $1000, and sent it forward in the usual course of collection to the Chase National Bank, which collected it and placed the proceeds to Angell's general credit. Between the time when Angell took this draft Angell drew continually on the Chase National Bank, and kept his balance there replenished by new remittances, so that in the interval before his failure he had drawn from that bank about $16,000, and sent forward not far from the same amount, his running balances being usually about $4000. The draft, when forwarded, was not distinguished from other remittances, and in Angell's bank books was entered like ordinary deposits.

We have had occasion heretofore, to consider whether persons holding drafts on the Chase National Bank obtained thereby a specific lien on the money there held to Angell's credit, and we concluded that the relation between Angell and that bank was that of debtor and creditor, so that no specific right in that fund was transferred to the persons

receiving drafts on that bank. We see nothing in the established facts here to distinguish it.

There is nothing which leads us to believe that Downer ever required that Angell should keep the proceeds of the $1000 draft separate from his other funds. As a matter of fact it was not so kept. It was entered as a credit on the same books containing all bank accounts, and the draft formed only a part of remittances collected and placed to Angell's general credit, where balances were daily changing by drafts and receipts, and where there was nothing to interfere with the complete absorption of all the balances whenever Angell should draw enough, as he did draw enough, to exhaust them. Had all the drafts which he drew been presented before his failure, there would have been nothing left.

Whatever may have been the propriety of Angell's keeping a special fund of this $1000 and its proceeds, the testimony satisfies us that he was not ordered to do so, and never did so in fact. It was at once credited to Mr. Downer as so much cash, and charged to the Chase National Bank as a remittance. The payments made by Angell to the contractors on Downer's account were in no case charged to the fund in New York, but were made at Lansing. Whether any of them were made in the interval between the delivery of the draft on April 19th and the reception of notice of its credit to the account in New York by the Chase National Bank does not very plainly appear. It was never separated in that bank, and the amount of it and of all the deposits held with it, was exhausted and renewed some four times. It would be idle to consider such money as a trust fund capable of identification in the New York banking-house. It stood with that always as part of general remittances taken in and paid out in the usual course of business like any other deposits for which the bank became liable to its depositors. It would be as entirely consistent to treat this money as drawn to Lansing, where it was all to be paid out by the first drafts of an equal amount disposed of by Angell, as to regard it as continuing unaffected by the many business drafts drawn from day to day, and only made good by continual remittances

to cover them. None of these were payable out of special funds. They were all drawn on the credit balances, which included the proceeds of Downer's draft among the rest. There is no more reason for treating it as Downer's money than for regarding it as appropriated to the use of the bona fide draft purchasers, whose drafts would have exhausted it, and who. knew nothing of any equities to impede them. But we have already held that these draft-holders did not get any lien on the fund.

We can see no reason why Mr. Downer has any more equities as against this fund than any other creditors who trusted Angell with their money, or who purchased drafts on, his New York correspondent. They must all be treated alike and share in the dividends from his estate in the same way.

The decree must be affirmed with costs.

MORSE, C. J. and CHAMPLIN, J. concurred. SHERWOOD, J. concurred in the result.