Isaac Snorgrass, Respondent, v. John W. Moore, Administrator, etc., Appellant.

Kansas City Court of Appeals, April 5, 1888.

1. Practice— Judgment — Res Adjudicata — When Capable of Being Explained by Parol Evidence—Case Adjudged.—Even though the presentation of an account to the probate court, and the judgment of that court disallowing it, is evidence that the merits were investigated ; yet it is but *prima-facie,* and parol evidence is admissible to show (as was done in this case) that in point of fact such was not the case.

2. ———— Powers of Equity to Follow Trust Property.—As long as trust property can be traced and followed, the property into which it has been converted remains subject to the trust ; and if a man mixes trust funds with his own money, the whole will be treated as trust property, except so far as he may be able to distinguish what is his. (*Harrison v. Smith,* 83 Mo. 210).

Appeal from Moniteau Circuit Court, Hon. E. L. Edwards, Judge.

*Affirmed, upon condition of remittitur, etc.*

Moore & Williams, for the appellant.

I.   The account upon which this suit is founded was presented to the probate court of Moniteau county by plaintiff and rejected, and the demand is *res adjudicata.* *McKinney, Adm'r, v. Davis,* 6 Mo. 501 ; *Risher v. Roush,* 2 Mo. 95 ; *Railroad v. Traube,* 59 Mo. 355 ; Broom Leg. Max. [6 Ed.] p. 247, side pages 321, 331. The plaintiff, with a knowledge of the facts relating to his claims and of his legal rights, elected his forum, chose his form of action, brought his suit at law in the probate court against the estate of Hanawalt & Company, made affidavit to his claim against that estate, produced his evidence, went into a trial upon the merits of the claims, and lost.   He cannot now come into the circuit court, as

a court of equity, and take a contradictory position to that upon which he based his claim in the probate court. *Rogers v. Higgins*, 57 Mo. 244 ; *Thompson v. Howard*, 31 Mich. 309 ; *Embry v. Conner*, 2 N. Y. 522, and cases cited. The probate court had jurisdiction of the claim as presented in that court ; the question was not raised. That court gave a judgment for defendant on the ground that the estate was not liable for the indebtedness made after the partnership was dissolved.

II. The plaintiff is not entitled to a judgment against the administrator in charge of the copartnership estate. If he sold the property to the surviving partner Hanawalt, his remedy is against him. If plaintiff let Hanawalt, as surviving partner, have the property on the theory that he was still carrying on the business of the late firm, he is not entitled to a judgment against the administrator, either in law or in equity. No debts could be made against the estate after Weise died. *Weise v. Moore*, 22 Mo. App. 530-4; *Bank v. Tracy*, 77 Mo. 595 ; *Bredow v. Mut. Sav. Inst.*, 28 Mo. 181. Plaintiff was bound at his peril to ascertain Hanawalt's authority in continuing the business. *Smith, Adm'r, v. Bank*, 11 Otto [U. S.] 320, 334 ; *Burwell v. Mandeville*, 2 How. [U. S.] 560.

III. Plaintiff seeks to recover his entire demand against an insolvent estate, as a preferred creditor. This account covers many transactions and a considerable period of time. He let Hanawalt have property with full knowledge of all the facts connected with his manner of carrying on the business. Whether the conduct of plaintiff was the result of negligence, want of diligence or other cause, equity will furnish him no relief. *Rend v. Hoyt*, 13 Pet. 263, 269 ; Broom Leg. Max. [6 Ed.] pp. 212, 217, side pages, 281, 282.

IV. Had plaintiff brought suit on this account against Hanawalt prior to the administration of defendant, his remedy would have been at law, and not in

equity, to follow the special proceeds of his wheat. How can he have any preferred legal rights against the estate? There are no elements of a trust in the case. The property was sold by verbal contract on time, with no agreement for a lien reserved either on the wheat or its proceeds. Plaintiff's own evidence does not support the allegations in his petition, setting up a claim for a lien.

V. The judgment of the lower court was not only for the wheat sold by plaintiff to Hanawalt, but also for other items amounting to $100.70. Plaintiff does not claim any understanding except as to the wheat. This alone should reverse the case.

V. The evidence of witness McCarty was improperly admitted; it was entirely hearsay. *Fougue v. Burgess*, 71 Mo. 389; *Coble v. McDaniel*, 33 Mo. 360.

DRAFFEN & WILLIAMS and HAZELL & PASH, for the respondent.

I. The appellant misconceives this action. The respondent does not seek to establish this as a demand against the partnership estate of Hanawalt & Company, as a preferred creditor, or otherwise. It is an equitable proceeding, to reach a fund wrongfully mingled with the partnership assets by defendant, and which was pledged for the payment of plaintiff's debt.

II. It needs no citation of authorities to show, that, after the death of one partner, the survivor could not create a debt that would bind the partnership. No such question arises in this case.

III. "The first fact apparent from this record is, that the property in question never belonged to the partnership estate of Hanawalt & Weise. It was not in existence at the time of the death of Weise; nor was it the product of any debt or money of the estate." The defendant has no right, title, or interest in said funds. He was a mere wrongdoer in taking the same. *Weise v. Moore*, 22 Mo. 530.

IV. If the defendant had not wrongfully assumed to collect this money, the plaintiff's claim would have

been settled therefrom. The fact that he has improperly mingled it with the partnership estate will not prevent the plaintiff from following it. *Stoler v. Coates,* 4 West. Rep. 600 ; *Thompson v. Savings Inst.,* 6 Cent. Rep. 328 ; *Harrison v. Smith,* 83 Mo. 240.

V. The plaintiff, having furnished the items set out in the petition, upon a contract, that he was to be reimbursed out of the proceeds of his wheat, and which proceeds are now in defendant's hands, ought, in equity, to be entitled to have said fund so applied. *Husted v. Ingraham,* 75 N. Y. 251 ; 3 Pom. Eq. Jur., sec. 1235 ; *Cooper v. Douglass,* 44 Barb. 409. Certainly this should be so, as against one, who has no title whatever, and who is in no position to contest plaintiff's rights. *Hale v. Bank,* 49 N. Y. 626.

VI. It would be a strange doctrine to say, that plaintiff has no claim against the partnership estate, and yet the partnership estate can hold the proceeds of his property against his claim for the purchase money.

VII. The plea of *res adjudicata* cannot prevail. It is true that plaintiff, at defendant's suggestion, it seems, presented his claim for allowance against the partnership estate. The probate court properly rejected it. This judgment is a bar to any suit, at law or in equity, to establish this as a claim against said partnership estate. It is not a bar to a proceeding to reach funds that constitute no part of said partnership estate, but which were, in equity and good conscience, applicable to plaintiff's debt. *Bell v. Hoagland,* 15 Mo. 260.

VIII. The evidence as to the statements of Hanawalt, through whom defendant claims, was competent. There was no exception, however, to any ruling of the court as to the admission of his evidence.

IX. A court of equity may so frame its decree as to afford full relief. It is not confined to any single method of relief. *Evans v. Railroad,* 64 Mo. 453.

J. M. WILLIAMS, in reply.

Defendant did not wrongfully mingle any funds of

respondent with the partnership assets. No pledge of any fund was made by Hanawalt, and defendant only took possession of the assets turned over to him by the surviving partner. The accounts collected were small and miscellaneous; and defendant would enquire what specific accounts are impressed with the alleged lien or trust in favor of respondent? Plaintiff sold wheat and other articles on credit to Hanawalt. He now says that he "let Hanawalt have wheat, not the other articles, with the understanding that he was to grind it and pay me out of the proceeds." There is no relation of trustee and *cestui que trust*, as in *Harrison v. Smith*, 83 Mo. 210. There was no reservation of a lien; nor was there any agreement in writing (or even by parol), to execute a mortgage, nor any attempt to give a mortgage or lien to secure the payment of the articles sold, as in the authorities quoted by respondent, of *Husted v. Ingraham*, 75 N. Y. 251; *Hale v. Bank*, 49 N. Y. 626, etc. The relation of principal and agent did not exist between Snorgrass and Hanawalt, hence the case of *Thompson v. Savings Inst.*, 6 Cent. Rep. 328, has no application. The case of *Stoler v. Coates*, 88 Mo. 515, sustains the second paragraph of appellant's first point for reversal. If defendant, as administrator, has no title to the assets turned over to him as belonging to the partnership of Hanawalt & Company, the creditors of that firm would be in a bad fix indeed.

ELLISON, J.—The firm of Hannawalt & Company, composed of Frank Hannawalt and H. G. Weise, owned and operated a mill in Tipton, Missouri. Weise died, and, after his death, Hannawalt continued to run the mill. He made a contract with the plaintiff, by which the plaintiff agreed to furnish him wheat, to be ground in said mill, and for which he was to pay the plaintiff, out of the proceeds of the flour ground by Hannawalt in the mill. He had been carrying on business in this way for quite a while, getting wheat from plaintiff, grinding it, selling the flour, and paying plaintiff out of

the proceeds. Several months after the death of Weise, defendant Moore was appointed his administrator. He also gave bond, and took charge of the partnership estate. When he took into his possession the property of the firm of Hannawalt & Company, he also took the accounts due for flour, made by Hannawalt out of wheat bought by him after the death of Weise. He collected from these accounts, and had in his hands at the time of the trial, at least five hundred dollars, derived from that source. When the defendant took these accounts, there was a balance due the plaintiff for wheat, furnished after Weise's death, and which, under the agreement between plaintiff and Hannawalt, was to be paid for out of the funds so collected and held by defendant. Hannawalt, Weise's estate, and the partnership estate are all insolvent. Plaintiff brought this suit, setting up, substantially, the foregoing facts, asking that the defendant be required to account for the funds that he had collected, and that were still in his hands, which arose from transactions subsequent to Weise's death, and that the court, by its decree, enforce the payment of plaintiff's claim out of the fund pledged to its payment as aforesaid. The petition likewise claimed defendant should account for corn and other articles and claimed a balance of $426.15 due plaintiff.

The defendant answered, denying all of the material allegations of the petition, and setting up as an estoppel that plaintiff had presented his account as a claim against the partnership estate, which the probate court disallowed, and pleading that judgment as an adjudication of the matters involved in this suit.

The evidence tended to sustain the allegations of the petition. The defendant proved that the plaintiff presented his claim for allowance against the partnership estate. The claim was continued at the first term of the probate court, and at the next term, the defendant contested it, and it was disallowed. There was other evidence offered as to the assets of the estate, claims against it, etc.

The court found the facts to be as stated in the petition; took an account of the money which defendant had taken possession of that formed no part of the partnership estate, required the defendant to bring into court to satisfy plaintiff's demand $426.15 of the money he had collected and mingled with the partnership funds, and, in default of his doing so at the time fixed, entered a judgment against him for the amount.

I.   It is objected that, as a claim consisting of the same matter involved in this suit was presented to the probate court against the partnership estate of Hannawalt & Company, and was there disallowed, that it became *res adjudicata*, and in consequence this action, though in different form, must fail.   The only question determined in the probate court was that the claim as presented against the partnership estate was not a partnership demand.   The merits of the claim itself were not inquired into before that court.   In such case the matter is not *res adjudicata*.  *Bell v. Hoagland*, 15 Mo. 260; *Hickerson v. City*, 58 Mo. 61; *Spradling v. Conway*, 51 Mo. 51.

The judgment of the probate court was introduced to sustain the plea of *res adjudicata*.   It recites that "after hearing the evidence and the argument of the counsel, and all and singular the facts being seen and fully understood by the court, it is adjudged by the court that said demand and account be disallowed, and the said plaintiff take nothing by this cause of action," etc.

Conceding that the presentation of the account, and the judgment disallowing it, is evidence that the merits were investigated, yet it is but *prima-facie*, and parol evidence is admissible to show that in point of fact such was not the case.  *Hickerson v. City, supra*. It was shown by parol testimony in this case that plaintiff's account was disallowed for the reason simply, that it was not a partnership demand.

II.   I do not regard this case as an effort to establish a claim against the estate as a preferred creditor or

otherwise. It is not to establish a demand against an estate at all. It is simply to get hold of property, or, more properly speaking, of securing a fund found to be in the hands of the administrator, which does not belong to the estate. The substance of the charge is that the administrator has wrongfully taken possession of a fund which does not belong to the estate, and in which he has no right, and upon which he has no claim, but which belongs to plaintiff. This presents two questions, first, whether it be true that the money does not belong to the estate, and second, can plaintiff follow it and subject it to his claim in this action. I have no doubt as to either question. This matter all occurred after the death of Weise, and of course after the dissolution of the partnership. The wheat was furnished and the contract was made after the dissolution. The contract was not, and could not have been, made in behalf of the partnership estate, nor did its fruits pertain to, or belong to the estate. *Weise v. Moore*, 22 Mo. App. 330.

Notwithstanding the fund has been improperly intermingled with the partnership estate, I do not think this can balk a court of equity in following and utilizing it for the purpose for which it was created. The fact of its consisting of money, and that such money may have been mixed with moneys belonging to the estate will not prevent its sequestration. It was once the prevailing equity doctrine that money intermixed with other moneys into an indistinguishable sum could not be laid hold of by the court, from the fact of its not having an ear mark whereby it might be separated. Such a rule was announced as late as the case of *Mills v. Potts*, 76 Mo. 426, but which case has since been overruled in *Harrison v. Smith*, 83 Mo. 210. In the latter case and in *Bank v. Insurance Co.*, 104 U. S. 54, the question is quite fully examined and the conclusion is stated to be "that as long as trust property can be traced and followed, the property into which it has been converted remains subject to the trust, and if a man mixes trust

funds with his own money the whole will be treated as trust property except so far as he may be able to distinguish what is *his*." The italics are my own. The idea I gather from these cases is, that if there be difficulty or impossibility in distinguishing or separating the money or funds, the misfortune is thrown on the party who has wrongfully mingled the property. If there is no means of separation, the beneficiary of the fund will take from the entire mass till he has satisfaction.

In 1 Story's Equity, section 553, it is stated that the fund may be impressed "so long as it can be followed and distinguished from all other money, not regarding the individual coins or pieces of money, but so long as it can be followed as a separate and independent fund or value distinguishable from all other funds." In *Bank v. King*, 57 Pa. St. 202, Judge Strong very forcibly says on this subject: "But it is insisted that there was no ear-mark to the money. What of that, if the money can be followed, or if it can be traced into a substitute? This is often done through the aid of an ear-mark. But that is only an index enabling a beneficial owner to follow the property." And he adds that "in regard to money, substantial identity is not *oneness* of pieces of coin or of bank bills."

An able law-writer has contributed two very able and instructive articles on this question which are to be found in 5 Central Law Journal, 51, 75, in which the cases are reviewed at length, and the following, among other rules, are stated by him to be the result of his research: "1. It is not necessary to identify particular pieces of money in order to follow a trust fund; it suffices to identify it as a separate and independent fund or value. 2. The fruit or product of the trust fund, into whatsoever character of goods, estate, or property it may have been transmuted, is still impressed with the trust. 4. Confusion of the trust estate with the trustee's own property does not prevent the taking of the former out of the mass into which it has been traced."

The considerations foregoing lead me to conclude that the court committed no error in laying hold of the fund found to be in the administrator's hands in this case.

III.  There was an error, however, in decreeing that plaintiff is entitled to anything on account of salt, harness, glass, oats,. and corn, these items aggregating $100.70.  There is no evidence that there was anything other than wheat included in the contract between plaintiff and Hannawalt.  The result is that we will affirm the judgment, if plaintiff will, within fifteen days, file a *remittitur* for $100.70, with six per cent. interest from the day of the decree in the trial court; otherwise it will be reversed and remanded.

On account of this error, which defendants have had to come here to correct, the costs of appeal are adjudged against plaintiff.  All concur.