THE EVANGELICAL SYNOD OF NORTH AMERICA v. SCHOENEICH, *Administrator of* S. H. MERTEN & COMPANY, *Appellant*.

Division Two, April 20, 1898.

1. **Practice**: EVIDENCE: "ADMITTED FOR THE PRESENT." The logical effect of the ruling of the court admitting evidence, with the remark that the objection would be considered later, is to overrule the objection; and, if the court does not later pass on the objection, the exceptions saved at the time are not waived by the subsequent proof of the same facts by the party making the objection.

2. ———: ———: EQUITY: HARMLESS ERROR. The admission in an equity case of improper evidence will not justify a reversal of a judgment if the facts it tends to prove are established by other competent testimony.

3. **Partnership:** EVIDENCE: ACTS OF PARTNER AFTER DISSOLUTION. No member of a copartnership can, after its dissolution, by any act or admission of his, bind the firm, unless the fact be established by the articles of association or of dissolution. So that *ex parte* affidavits by the surviving partners of a firm, being mere voluntary statements, are inadmissible as evidence to establish a claim against the firm.

4. **Trust Funds:** COMMINGLING WITH GENERAL FUNDS. When a trustee or bailee wrongfully mixes trust money with his own, so that it can not be determined what particular part is trust money and what part private money, equity will follow the money by taking out of the insolvent estate the amount due the *cestui que trust*, although it can not be identified or separated from other funds with which it was mixed. So that, where a church from time to time, placed a trust fund in the hands of its treasurer, and he without the knowledge of the church deposited it with a partnership, and the partnership, with knowledge that it was a trust fund in the hands of the treasurer, deposited it in its own name in a bank and drew it out and used it in the firm's business, the church is entitled to a special lien upon the effects of the partnership to the amount of the money so converted by it, as a preferred demand.

5. ———: VOLUNTARY AGENT: JUDGMENT OF PROBATE COURT: RES ADJUDICATA. A church, which was entitled to a special lien for a preferred demand on the assets of a partnership, is not bound, in a suit in equity to establish such lien, by a general judgment of a probate court on a demand for the same money presented by its treasurer and allowed in his name, it clearly appearing that he acted without authority from the church, which at no time approved or ratified his action.

*Appeal from St. Charles Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED.

*C. Daudt* for appellant.

(1) The court admitted improper evidence offered by plaintiff. Upon dissolution of a partnership the power of partners to bind the firm, by contract or admissions, ceases. Greenl. Ev., sec. 112; Story on Part., secs. 107, 323; *Brady v. Hill*, 1 Mo. 315; *Pope v. Risley,*

23 Mo. 185; *Dowzelot v. Rawlings,* 58 Mo. 75; *Fowler v. Helm,* 29 Mo. 324; *Little v. Ferguson,* 11 Mo. 598. (2) The plaintiff is bound by the judgment of the probate court, on the demand presented by Rev. Wobus, their treasurer. *Nansen v. Jacobs,* 93 Mo. 331. Wobus was competent to sue in his own name. R. S. 1889, sec. 1191; *Rogers v. Gasnell,* 51 Mo. 466; *Snider v. Exp. Co.,* 77 Mo. 523. (3) The alleged trust fund of plaintiff is incapable of ascertainment; it can not be traced either in its original form or in its substituted form. The trust funds can not be identified or traced, hence there is no lien in favor of plaintiff. 2 Story, Eq., sec. 1259; *Buck v. Ashbrook,* 59 Mo. 200; *Dailey v. Dailey,* 125 Mo. 96; *Huettemann v. Viesselmann,* 48 Mo. App. 590; *Phillips v. Overfield,* 100 Mo. 474; *Englar v. Offutt,* 70 Md. 78; *Slater v. Oriental Mills,* 27 Atl. Rep. 443; *Silk Co. v. Flanders,* 87 Wis. 241; *In re Bank,* 87 Wis. 378; *Burnham v. Barth,* 89 Wis. 367; *Lathrop v. Bampton,* 31 Cal. 17; *Little v. Chadwick,* 151 Mass. 109; *Cavin v. Gleason,* 105 N. Y. 256; *Bank v. Armstrong,* 39 Fed. Rep. 684; *Bank v. Goetz,* 138 Ill. 127; *Wetherell v. O'Brien,* 140 Ill. 146; *Ass'n v. Jacobs,* 141 Ill. 261; *Calhoun v. Bank,* 20 S. E. Rep. 153; *Thompson's Appeal,* 22 Pa. St. 16; *Hopkin's Appeal,* 9 Atl. Rep. 867; *Carmany's Appeal,* 166 Pa. St. 622; *Peoples' Bank's Appeal,* 93 Pa. St. 107; *Neely v. Rood,* 54 Mich. 134; *Sherwood v. Bank,* 53 N. W. Rep. 922; *Shields v. Thomas,* 71 Miss. 260; *Bank v. Ins. Co.,* 104 U. S. 54; *Ellison v. Moses,* 95 Ala. 221; *Goldthwaite v. Ellison,* 99 Ala. 497; *Bank v. Dowd,* 38 Fed. Rep. 172; *Elev. Co. v. Clark,* 53 N. W. Rep. 175.

*Theodore Bruere & Son* for respondent.

(1) There is nothing in the point made by appellant that the court admitted improper evidence. *First.*

The record shows that appellant only objected to the introduction of the affidavit; the court never ruled on this objection, and as appellant brought out the same facts contained in the admission by his own witnesses, this court can not ascertain from the record whether the trial court admitted or rejected this evidence. R. S. 1889, sec. 2302; *Burdoin v. Trenton*, 116 Mo. 375; *St. Louis v. Sieferer*, 111 Mo. 665; *Danforth v. Railroad*, 123 Mo. 197; *Smith v. Dunklin Co.*, 83 Mo. 195; *Connelly v. Ben. Soc.*, 43 Mo. App. 286; *Fairgrieve v. Moberly*, 29 Mo. App. 149. *Second.* The affidavit of S. H. Merten and W. Hackmann was competent evidence. (2) The relation between the plaintiff and S. H. Merten & Company was that of *cestui que trust* and trustee. *Bank v. Ins. Co.*, 104 U. S. 67; *Harrison v. Smith*, 83 Mo. 210; *Stoller v. Coates*, 88 Mo. 514; *Leonard v. Latimer*, 67 Mo. App. 138; *Brick Co. v. Schoeneich*, 65 Mo. App. 283; *Bank v. Sanford*, 62 Mo. App. 296; *Union Society v. Mitchell*, 26 Mo. App. 206; *Cart Co. v. Stephens*, 32 Mo. App. 341. (3) The plaintiff is not bound by the allowance of the probate court in favor of Mr. Wobus personally. *First.* Mr. Wobus acted without authority from plaintiff when he had the claim allowed. Freeman on Judg. [3 Ed.], sec. 164; *Middleton v. Railroad*, 62 Mo. 579. *Second.* The plea "*res-adjudicata*" is not sustained by the evidence. Free. on Judg. [3 Ed.], sec. 154. (4) The trust money of plaintiff was mixed wrongfully with the funds of the firm of S. H. Merten & Company, and went into its business operation a very short time before the dissolution of the firm, and while not traceable to any particular asset of the firm, it went into its general assets and to the extent of $3,000 increased the same. The firm thus having received the benefit of the unlawful conversion, equity charges its assets with the amount of the converted fund as a preferred demand. *Harrison*

v. *Smith,* 83 Mo. 210; *Stoller v. Coates,* 88 Mo. 514; *Munro v. Collins,* 95 Mo. 33; *Snorgrass v. Moore,* 30 Mo. App. 232; *Cart Co. v. Stephens,* 32 Mo. App. 346; *Clark v. Bank,* 57 Mo. App. 281; *Hockensmith v. Hockensmith,* 57 Mo. App. 378; *Bank v. Sanford,* 62 Mo. 394; *Brick Co. v. Schoeneich,* 65 Mo. App. 283; *Leonard v. Latimer,* 67 Mo. App. 138; *Bank v. Ins. Co.,* 104 U. S. 67; *Peak v. Ellicott,* 30 Kan. 156; *Thompson v. Bank,* 8 Atl. Rep. 97; *Plow Co. v. Lamp,* 45 N. W. Rep. 1049.

BURGESS, J.—This is a proceeding in equity by which it is sought to charge the partnership estate of S. H. Merten & Company with a lien amounting to $3,000 and interest, alleged to have been plaintiff's money, and to have been converted by said company.

The firm of S. H. Merten & Company was composed of Stephen H. Merten, John F. Hackmann and William Hackmann. The firm did a general milling business for about twenty years in the city of St. Charles, and was dissolved by the death of John F. Hackmann on the eighteenth day of September, 1893. On the twenty-seventh of September, 1893, the defendant, Henry J. Schoeneich, took out letters of administration on the partnership estate, and two days thereafter took out letters of administration on the individual estate of said John F. Hackmann. The partnership estate proved to be insolvent, paying not more than twenty-five cents on the dollar of its indebtedness. Both Stephen H. Merten and William Hackmann are insolvent; John F. Hackmann died insolvent. The plaintiff is a corporation duly incorporated under the laws of Missouri. Ever since 1887, one Rev. Reinhard Wobus who had charge of a congregation of the Evangelical Church at St. Charles, Missouri, was the treasurer of said synod up to the time of his death,

November 5, 1894; and as such was the custodian of the funds and moneys belonging to said corporation. During the time of his service as treasurer said Wobus received in his capacity as such, various sums of money for said corporation, which he deposited with Stephen H. Merten & Company; this ·he did without the knowledge of the president of the synod who was during most of the time a resident of Burlington, Iowa. The firm knew that the funds deposited by Wobus with it did not belong to him, but were the funds of the plaintiff, and were only held by him as its treasurer. Most of the money left by Wobus with S. H. Merten & Company consisted of checks for small amounts, payable to him individually as treasurer, which said firm deposited on its own account and to its credit in the Union Savings Bank of St. Charles. No interest was ever paid by the firm on these deposits and whenever Wobus needed the money it was returned to him. On the twenty-fourth of August, 1893, there were $3,300 in the hands of the firm thus deposited, of which Wobus on the fourteenth day of September, 1893, received $300. When, however, he demanded the balance the firm was unable to return it for the reason that they had used it in their business.

Without the knowledge or consent of the president or other executive officers of the German Evangelical Synod of North America, Mr. Wobus, on November 13, 1893, went before the probate court of St. Charles county, and had said $3,000 allowed in his own name, against the partnership estate of Stephen H. Merten & Company, and $300 in offset. Nothing was ever paid on this allowance and as soon as the president of the synod learned of it he denied that the synod had anything to do with it, and that Wobus had any authority to act for it in respect to said

allowance, and soon thereafter instituted this suit. There was a decree in favor of plaintiff for $3,000 with interest from the time of the institution of this suit, which was made a special lien upon the assets of the firm of Merten & Company in the hands of the administrator. Defendant in due time filed his motion for a new trial which being overruled he saved his exceptions and brings the case here by appeal for review.

I. During the trial plaintiff read in evidence over the objection and exception of defendant the *ex parte* affidavit of S. H. Merten and William Hackman, with respect to the transactions out of which this litigation arose, in which it was stated in substance among other things that Mr. Wobus never advanced or loaned any of the moneys in question to the firm of S. H. Merten & Company but that said firm always deposited said moneys as requested by him, in the Union Savings Bank, until during the few last months, when said moneys were used in the business of said firm, without his knowledge or consent, so that the firm of S. H. Merten & Company is now indebted to him for such money left for deposit and belonging to the Evangelical Synod of North America, in the sum of $3,000, and in this ruling it is insisted by defendant that error was committed. When the objection was interposed to the admission in evidence of this affidavit the court admitted it in evidence accompanied by the remark that it would consider the objection afterward, but never ruled upon it, and it is now contended by plaintiff, that as defendant brought out the same facts contained in the admission by his own witnesses, this court can not ascertain from the record whether the trial court admitted or rejected this evidence. But this position seems to us to be untenable, for the reason that the logical effect of the

ruling of the court was to overrule the objection, and nothing more was required of defendant in order that he might have that ruling reviewed by this court than to save his exceptions thereto at the time, and call the attention of the court thereto in the motion for a new trial.

There was, however, other evidence as to the transactions between Wobus and S. H. Merten & Company, upon which to predicate and justify the finding of the court, and in such circumstance the case being one in equity, the incompetent evidence admitted on the trial can be disregarded by the appellate court, so that the admission of the affidavits in evidence although improper is not reversible error.

No member of a copartnership after its dissolution can by any act or admission of his bind the firm of which he was a member, except it be otherwise agreed by the articles of association or of dissolution. 1 Greenl. Ev. [15 Ed.], sec. 112; Story on Part., secs. 107, 323; *Brady v. Hill*, 1 Mo. 315; *Little v. Ferguson*, 11 Mo. 598; *Flowers v. Helm*, 29 Mo. 324; *Dowzelot v. Rawlings*, 58 Mo. 75. The affidavit being *ex parte* was nothing more than a mere voluntary statement and we think clearly inadmissible in evidence.

II. It is next contended by defendant that the relation between Wobus, or the plaintiff, and S. H. Merten & Company was that of creditor and debtor, general depositor and depositary, and not of *cestui que trust* and trustees, or special depositors and depositary. Upon the other hand plaintiff claims that the relation between the plaintiff and S. H. Merten & Company was that of *cestui que trust* and trustee. There can be no question under the facts disclosed by the record but that Wobus received and held the moneys and the checks upon which the funds in question were collected, as trustee for the plaintiff, and not otherwise.

He had no personal interest in the funds and of this Merten & Company had full knowledge, so that whether he loaned the money to them or deposited it with them from time to time for safe keeping, makes no difference in this case. The administrator of the partnership estate is simply the representative of the partnership and occupies precisely the same position toward Wobus and the plaintiff that the firm did. And the firm of Merten & Company, having received the benefit of the fund by unlawful conversion, the question is, should the partnership estate be charged with the amount of the converted funds as a preferred demand?

The general rule is, where trust funds have been so mingled with other funds of the trustee or agent, or with his bailee or depositary, and have not been invested in specific property so that it can be traced, the *cestui que trust* loses his lien, and can only come in and share with the general creditors of the insolvent estate which wrongfully converted the funds. The rule announced in *Little v. Chadwick*, 151 Mass. 109, is as follows: "When trust money becomes so mixed up with the trustee's individual funds that it is impossible to trace and identify it as entering into some specific property, the trust ceases. The court will go as far as it can in thus tracing and following trust money; but when, as a matter of fact, it can not be traced, the equitable right of the *cestui que trust* to follow it fails. Under such circumstances, if the trustee has become bankrupt, the court can not say that the trust money is to be found somewhere in the general estate of the trustee that still remains; he may have lost it with property of his own; and in such a case the *cestui que trust* can only come in and share with the general creditors." *Johnson v. Ames*, 11 Pick. 173, 181, 182; *Le Breton v. Peirce*, 2 Allen, 8, 13; *Andrews v. Bank of*

*Cape Ann*, 3 Allen, 313; *Harlow v. Dehon*, 111 Mass.
195, 198, 199; *Bresnihan v. Sheehan*, 125 Mass. 11;
*White v. Chapin*, 134 Mass. 230; *Howard v. Fay*, 138
Mass. 104; *Attorney-General v. Brigham*, 142 Mass.
248; *Trecothick v. Austin*, 4 Mason, 16, 29; *Ferris v.
Van Vechten*, 73 N. Y. 113; *Frith v. Cartland*, 2 Hem.
& M. 417; *Isaacson v. Harwood*, L. R. 3 Ch. 225; *Holland v. Holland*, L. R. 4 Ch. 449; Perry on Trusts, secs.
345, 836-842; 2 Story, Eq. Jur., secs. 1258, 1259; Lewin
on Trusts [8 Ed.], *pp. 241, 892. There is nothing to the
contrary in *National Bank v. Ins. Co.*, 104 U. S. 54,
66–71, and *In re Hallett*, L. R. 13 Ch. D. 696, 708–721."
To the authorities cited in that case may be added
*Elevator Co. v. Clark*, 53 N. W. Rep. 175; *Cavin v.
Gleason*, 105 N. Y. 256; *Appeal of Hopkins' Ex'r*, 9
Atl. Rep. 867; *Bank v. Armstrong*, 39 Fed. Rep. 684;
*Edson v. Angell*, 58 Mich. 336; *Bank v. Dowd*, 38 Fed.
Rep. 172; 2 Pom. Eq. Jur., secs. 1051, 1058; *Bank
v. Goetz*, 138 Ill. 127; *Englar v. Offutt*, 70 Md. 78;
*Bank v. Weems*, 69 Tex. 489; *Lathrop v. Bampton*, 31
Cal. 17; *U. S. v. Waterborough*, Davies, 154; *Bank v.
Peters*, 123 N. Y. 272; *Neely v. Rood*, 54 Mich. 134;
*Roach v. Caraffa*, 85 Cal. 436; *Wethersell v. O'Brien*,
140 Ill. 146; *Doyle v. Murphy*, 22 Ill. 502; *School
Trustees v. Kirwin*, 25 Ill. 73; *Slater v. Oriental Mills*,
27 Atl. Rep. (R. I.) 443; *Calhoun v. Bank*, 20 S. E.
Rep. 153; *Goldthwaite v. Ellison*, 99 Ala. 497; *Shields
v. Thomas*, 71 Miss. 260; Eq. Jur. 1048; *Thompson's
Appeal*, 22 Pa St. 16; *Trust & Safe Deposit Bks. Est.,
Carmany's Appeal*, 166 Pa. St. 622; *Peoples' Bank's
Appeal*, 93 Pa. St. 107; *Silk Co. v. Flanders*, 87 Wis.
237; *In re Bank*, 87 Wis. 381; *Henry v. Martin*, 88
Wis. 367; *Thuemmle v. Barth*, 89 Wis. 381.

In the case at bar there is no such thing as tracing
the money deposited by Wobus with S. H. Merten &
Company, into any particular property, nor was it

attempted to be done. The most that can be said is that the company had this money and other moneys of their own, all of which were deposited by them in the Union Savings Bank at St. Charles from time to time in their own name, and checked out by them for their own use and benefit as occasion might require. Merten & Company only had on deposit to their credit in said bank at the time of the dissolution of the firm the sum of $15.92. In the *Elevator Company* case, *supra*, it was held that: "Where the property of one is received by another, this, of itself does not entitle the owner to priority of payment out of the general assets of the one receiving the property. To recover his property, the owner must be able to trace and identify it in some form. When it is mingled indistinguishably with the mass of property of the one receiving it, or when, as in the case of money, it is paid out by him, the right to pursue it is lost, because identification is impossible. Mere enrichment of the estate or extinguishment of debts with the property received, will not make the owner thereof a preferred creditor." The case of *Bank v. Ins. Co*, *supra*, is regarded as the leading American authority on the question now under consideration, and the rule announced in that case is, that trust property will be followed by a court of equity so long as it can be traced, even though it be transformed, or be merged in a mass of which it forms a part; that the right rests upon principles of equity which entitle the beneficiary to a lien upon the property, but who, when seeking to recover the specific property, or to fix a charge upon a mass, must trace it, and show that the specific property claimed is his property, or that his property has gone into and remains in the mass he seeks to recover. From the authorities cited, the rule seems to be that when the depositary keeps the trust fund separate and the original money is capable of

being identified, there is no question as to the right of the *cestui que trust* to have it applied to his benefit, but where the depositary mingles the trust money with the mass of his own funds, and uses the entire fund indiscriminately, as was done in this case, and it is not invested in specific property to which it can be traced, there is no possible way by which it can be identified and the right to pursue it is lost.

But the modern doctrine, and especially the adjudications by the appellate courts of this State go farther, and hold that when a trustee or bailee wrongfully mixes trust money with his own, so that it can not be distinguished what particular part is trust money and what part is private money, equity will follow the money by taking out of the insolvent estate the amount due the *cestui que trust*, although it can not be identified or separated from other funds with which it was mixed. In *Harrison v. Smith*, 83 Mo. 210, a bank in this State undertook to make a loan of money on real estate security here for a party who resided in the State of New York, and kept a bank account there, and the plaintiff sent the bank making the loan a check for the sum to be loaned, payable to it, which was to be paid to the borrower when the terms of the loan were complied with. The bank credited the amount received to plaintiff and sent the check to its correspondent in New York by whom it was collected and credited to the bank here, and in the meantime the latter led the plaintiff to believe that the loan had been perfected, and thereafter made an assignment for the benefit of its creditors. And it was held that the relation of trustee and *cestui que trust*, and not that of depositor and depositary, existed between the bank and plaintiff. And that when a trustee mixes trust money with his own so that it can not be distinguished what particular part is trust money and what part is private

money, equity will follow the money by taking out of the assigned estate the amount due the *cestui que trust*. The same rule is announced in *Stoller v. Coates*, 88 Mo. 574, in which it is held that the general assets of an insolvent bank having received the benefit of the unlawful conversion of a trust fund, the bank was chargeable with the amount of the converted fund as a preferred demand; that while it may be impossible to follow a fund into its diverted use, it is always possible to make it a charge upon the estate or assets, to the increase or benefit of which it had been appropriated, and the general assets of the bank having received the benefit of the unlawful conversion, there is nothing inequitable in charging them with the amount of the converted fund, as a preferred demand. To the same effect is *Snorgrass v. Moore*, 30 Mo. App. 232; *Clark v. Bank*, 57 Mo. App. 281; *Bank v. Sanford*, 62 Mo. App. 394; *Brick Co. v. Schoeneich*, 65 Mo. App. 283; *Leonard v. Latimer*, 67 Mo. App. 138; *Peak v. Ellicott*, 30 Kan. 156; *Thompson v. Bank*, 8 Atl. Rep. 97; *Plow Co. v. Lamp*, 45 N. W. Rep. 1049. See, also, *Phillips v. Overfield*, 100 Mo. 466.

Our conclusion is that whatever the rule may be elsewhere, under the law as declared by the appellate courts of this State plaintiff was entitled under the facts disclosed by the record to have the firm assets charged with the amount of the converted fund as a preferred demand, and that the court below correctly so held.

III. Nor is plaintiff under the facts, bound by the judgment of the probate court on the demand presented by, and allow in the name of its agent Wobus against the partnership estate. In presenting the claim for allowance against the estate, he acted without authority from plaintiff, which at no time approved or

in anyway ratified his action in this regard. *Middleton v. Railroad*, 62 Mo. 579.

Finding no reversible error in the record the judgment is affirmed. GANTT, P. J., and SHERWOOD, J., concur.