BERTHA BECK, Appellant, v. LIZZIE A. KREMBS and EDWARD J. MONTI, Admrs. d. b. n., c. t. a., of the Estate of Herman J. Krembs, deceased, et al., Respondents.

St. Louis Court of Appeals. Argued and Submitted May 6, 1919. Opinion Filed June 3, 1919.

EXECUTORS AND ADMINISTRATORS: Claims Against Estates: Preferential Claims: Equity. In a suit in equity to establish a claim against the estate of deceased, and for a decree ordering the payment of the claim out of the assets of the estate in preference to the general creditors, *held* that the fact that plaintiff's funds were commingled by the deceased with his own funds was not sufficient to establish a preferential lien against the assets of the estate and the evidence having failed to show that any of plaintiff's funds passed into the hands of the administrator of deceased, the preferential claim demanded by her was properly denied.

Appeal from the Circuit Court of the City of St. Louis. —*Hon. George H. Shields,* Judge.

AFFIRMED.

*John E. Gaskill* for appellant.

*W. M. Kinsey* of counsel.

(1) An agent or trustee is bound to keep the property of his principal separate from his own. If he mixes it up with his own the whole will be taken both at law and in equity to be the property of the principal unless the evidence puts the subject-matter under such circumstances that it may be distinguished as satisfactorily as it might have been before the unau-

thoried mixture on his part. In other words, the agent is put to the necessity of showing clearly what part of the property belongs to him and so far as he is unable to do this it is treated as the property of his principal. Tufts v. Latshaw, 172 Mo. 377. (2) The rule in the Latshaw case quoted above, placed the burden of proof upon the respondents in this case to show that the estate of Krembs, when it came into their hands had not been enhanced in value by use ·of appellant's money or securities, and, failing to sustain such burden of proof, appellant was entitled to a decree giving her a preferential lien on the assets in their hands. (3) The respondents have not only failed to sustain the burden of proof imposed upon them, but, on the contrary, the evidence affirmatively shows that the Krembs estate had been enhanced in value by the use of appellant's money and securities and the judgment is therefore erroneous. (4) The unauthorized release of the Hart deed of trust securing the $2000 note owned by appellant, after the property conveyed thereby had been transferred to Lindau, subject to the deed of trust, had the effect to swell the estate of Krembs to that extent, because he was the real owner and not Lindau, but did not destroy appellant's interest in or lien thereon as against Krembs when it passed with the remainder of his estate into the hands of his administrators who are respondents herein. (5) The cases of Raymuth Real Estate & Bldg. Co. v. Robertson, 204 S. W. 256; Paul v. Draper, 158 Mo. 197; Bircher v. Walther, 163 Mo. 461; Pearson v. Haydel, 90 Mo. App. 253, in which preferential liens were denied are clearly distinguishable from the case at bar upon the facts in judgment, although the trial court relied thereon in denying appellant the relief prayed. (6) The facts in this case bring it within the rule laid down in the following cases among others decided by our Supreme Court: Tufts v. Latshaw, 172 Mo. 359; Evangelical Synod of N. A. v. Schoeneich, 143 Mo. 652. (7) The decree entered in this case shows on its face that the trial judge entertained an incorrect view of the

law, for he says: "The fact that the plaintiff's funds were mingled by Krembs with his own funds is not sufficient to establish a preferential lien against the assets of said estate and the plaintiff having failed to show that any of the funds of plaintiff passed into the hands of the administrator of Herman J. Krembs, deceased, the preferential lien prayed for by plaintiff is denied." The same error inheres in the written opinion filed by the trial judge, in which he relies upon the authority of Pearson v. Haydel and Bircher v. Walther, supra, both of which cases are distinguishable on the facts from this case.

*Rassieur, Kammerer & Rassieur* for respondents.

(1) In order that a preferential lien may be declared, it must appear that the trust fund or its proceeds are still mixed with the mass of the insolvent's estate in the hands of his assignee, trustee, or representative; and the fact that such fund was at one time wrongfully mingled with the insolvent's personal funds is not sufficient to authorize a preference. Raymuth R. E. & Bldg. Co. v. Robinson, Admr., 199 Mo. App. 515, 526; Pearson v. Haydel, Admr. 90 Mo. App. 253, 264; Bircher v. Walther, 163 Mo. 461, 467. (2) The equitable lien, in such cases, is based upon the idea that the trust property or its proceeds, though not distinguishable, is in the assigned property in some shape, and not upon the fact that the trustee wrongfully commingled the trust property or its proceeds with his own. Bircher v. Walther, 163 Mo. 461, 467; Raymuth R. E. & Bldg. Co. v. Robinson, Admr., 199 Mo. App. 515, 526. (3) Appellant was not entitled to relief in equity, no showing having been made that she was without remedy at law. Stalter v. Stalter, 151 Mo. App. 66; Benton County v. Morgan, 163 Mo. 661; Straub v. Simpson, 74 Mo. App. 230; Railroad v. Lowder, 138 Mo. 533.

REYNOLDS, P. J.—This is a suit in equity to establish a claim for $3500 and interest against the es-

tate of Herman J. Krembs, deceased, and for a decree ordering the payment of the claim out of the assets of the estate in preference to the general creditors.

Herman J. Krembs, Sr., a real estate agent, had been acting as such for plaintiff, Mrs. Bertha Beck, and in the course of his dealings with her, about November 3, 1914, had in his hands $1648 of money, which he had collected for her on an outstanding deed of trust, that including principal and interest. At the same time he also had in his hands of her money $2000, which had been secured on real estate. About November 3, 1914, Krembs offered Mrs. Beck a new investment in the form of a building loan, purporting to be made to one Corman, for $3500, secured by deed of trust upon certain property. Krembs gave Mrs. Beck the note for $3500, secured by this deed of trust, the note payable to her, paid her $3 in cash and gave her a receipt for $175, in this way accounting for $3648, moneys of Mrs. Beck, which he had in his hands. He had collected the $1648 some time before, on account of Mrs. Beck, and had paid her six months' interest on it. The $2000 was evidenced by a note for that amount secured by a deed of trust. Herman J. Krembs, Sr., died March 26, 1915. By his will he constituted his wife, Lizzie A. Krembs, executrix. She qualified as such and entered upon the administration, but afterwards her letters as executrix were revoked and she, in connection with one Monti, was appointed administratrix, with the will annexed, of his unadministered estate. The action is against these two parties, hereafter referred to as the administrators, as also against one William Corman, the party by whom the note for $3500 and the deed of trust securing it were given, and also against one Luecking, trustee in the deed of trust executed by Corman, plaintiff being the beneficiary. It is charged in the amended petition upon which the case was tried, that the estate of Herman J. Krembs, deceased, is insolvent; that there are large claims against it, exceeding the assets and funds in the hands of the administrators and that plaintiff has no ade-

quate remedy by proceeding in the Probate Court or at law; that the executrix first, and then the administrators had full charge and control of all the real estate in the estate and that the fund belonging to plaintiff, that is the $3500, is now in possession and control of the succeeding administrators and so commingled with the funds, property and assets of the deceased in the hands of the administrators that it is impossible to separate, identify or distinguish the fund in the possession of the administrators, or that the fund was paid out by Herman J. Krembs during his lifetime in the course of his business and used in paying his debts and obligations of various kinds, thereby enlarging the value of the estate received by defendants as administrators, plaintiff charging ''that either said funds of plaintiff as aforesaid actually passed into the hands of said administrators or that said fund of plaintiff was paid out by said Herman J. Krembs during his lifetime as aforesaid, but this plaintiff is not informed as to which of said alternatives is true.'' The prayer is for judgment against the administrators in the sum of $3500, with interest from November 3, 1914, for a decree that the plaintiff have a lien upon all of the assets in the hands of the administrators for the payment of the same, that the court order that plaintiff be paid her claim in full out of the assets before the assets or any part thereof are used for the benefit of the general creditors of the estate, and that it order and decree that Luecking, trustee in the deed of trust executed by Corman, release that of record and that the deed of trust and all the promissory notes described therein, which it is averred are filed with the petition, be disposed of by the court in such manner as it shall deem meet and proper.

The answer by all the defendants, admitting the appointment of the administrators, denies all the other allegations in the petition.

At the trial before the court it found that plaintiff was entitled to an allowance of her demand against the estate of Herman J. Krembs for the sum demanded,

with interest, and that she have judgment against the administrator and the administratrix of the estate of Herman J. Krembs, deceased, for $3809.75, and for costs; that this be allowed as a demand in the fifth class and be certified as such to the Probate Court. The court further found and adjudged that the fact that the plaintiff's funds were commingled by the deceased Krembs with his own funds was not sufficient to establish a preferential lien against the assets of the estate and that plaintiff, having failed to show that any of her funds passed into the hands of the administrator or administratrix of the deceased, the preferential claim demanded by her must be and it was denied.

A careful reading of the testimony in the case satisfies us that the conclusion arrived at by the learned trial court is sustained by substantial evidence; in fact we may say by the preponderating evidence in the case. It distinctly appears that Krembs, during his lifetime, had in his hands $3648, belonging to plaintiff; that he turned over to her for that the Corman note for $3500, secured by a deed of trust on certain property in the city of St. Louis, paid her $3 in cash and gave her a receipt for $175, it being the intention and the agreement between Krembs and plaintiff that Krembs would pay out this $3500 in the construction of a building upon the lot. In point of fact Krembs did not use any of the money in his hands belonging to plaintiff in improvements upon the property and it would appear that no improvements had in fact ever been made upon it, although that property is incumbered by the deed of trust referred to for $3500. The evidence is very persuasive, in fact preponderates, in favor of the proposition that none of this $3500 fund ever came into the hands of the executrix or of the succeeding administrator and administratrix, and did not go to swell or enlarge the amount of the estate in their hands. While the estate of Krembs was inventoried as containing a large number of assets in nominal value, its indebtedness largely exceeded its pur-

ported assets and beyond the sum of about $50 in cash in bank and on hand at the time of his decease, Krembs left nothing beyond a lot of worthless stock, uncollectible notes, and equities of doubtful value in a number of parcels of real estate. None of this $3500 is traced into any of these real estate deals, and it is impossible to trace any of the $3500 as having gone into the purchase of any of these properties or the equities in them, or as having been invested in anything that came into the hands of the executrix or administrators, or as being any part of the assets in their hands. Krembs, during his lifetime, seems to have used this plaintiff's money as well as that of other of his patrons and customers, indiscriminately in his various operations and to have practically lost it during his lifetime. At any event, it does not appear that any of it came into the hands of his legal representatives after his death. So the learned trial court found.

Learned counsel for appellant relies upon the decisions of our Supreme Court in Evangelical Synod of North America v. Schoeneich, 143 Mo. 652, 45 S. W. 647, and in Tufts v. Latshaw, 172 Mo. 359, 72 S. W. 679. We do not think that the facts in the case at bar bring it within the facts of either of these cases. To the contrary, we think that this case falls distinctly within the cases of Paul v. Draper, 158 Mo. 197, 59 S. W. 77; Bircher v. Walther, 163 Mo. 461, 63 S. W. 691, and of Pearson v. Haydel, 90 Mo. App. 253, and the later case of Raymuth Real Estate & Building Co. v. Robinson, Admr., 199 Mo. App. 515, 204 S. W. 256. The learned trial court appears to have had these cases, except the Raymuth Case, which followed the others named, before it in the consideration of the case and on their authority decided it as it did. In this we find no error.

It is suggested by learned counsel for respondent that plaintiff has an adequate relief at law, at least for the recovery of a part of the $3500 loan made on the deed of trust given by Corman. We do not consider nor pass upon that but content ourselves with dispos-

ing of the case in the manner in which it was considered and disposed of by the learned trial court.

The judgment of the circuit court is affirmed. *Allen* and *Becker, JJ.,* concur.