FRANK C. MANN, Trustee of the Estate of JOHN A. READY, Appellant, v. BANK OF GREENFIELD, and S. L. CANTLEY, Commissioner of Finance of the State of Missouri, in Charge of the Business and Assets of the BANK OF GREENFIELD.—46 S. W. (2d) 874.

Division Two, February 17, 1932.

*G. W. Goad* and *Mann, Mann & Miller* for appellant.

*Farrington & Curtis, Allen McReynolds* and *Charles L. Henson* for respondents.

864

WESTHUES, C.—Plaintiff seeks, in this proceeding, to have declared, in his favor, preferred claims aggregating twenty thousand forty-three dollars ($20,043), with interest against the defendant, Bank of Greenfield, Missouri.

This is the second appeal in the case. The former opinion is reported in 20 S. W. (2d) 502. Plaintiff's claim arose through certain transactions of the officers of the Dade County Bank. These officers, Edwin Harrison and Floyd G. Van Osdell, were trustees and had charge of a large trust fund belonging to John Thomas Ready, *cestui que trust*, on whose behalf the suit was instituted. The Dade County Bank was financially embarrassed and the trustees named misappropriated the trust funds to the use and benefit of the bank. A detailed statement of these transactions and how the bank was benefited thereby will be found in the former opinion.

The Dade County Bank failed on January 1, 1924. The assets were placed in the hands of the State Finance Department for the purpose of liquidation. Subsequently the Bank of Greenfield was organized. A contract was entered into on June 30, 1924, by the Dade County Bank, through its board of directors and the president, with the defendant, the Bank of Greenfield; whereby the latter bank bought, or took over, the major portion of the assets of the Dade County Bank. This agreement was approved by the finance department and also by the circuit court having jurisdiction over the liquidation. It was upon this contract that the suit was brought. The theory of recovery was, that the Bank of Greenfield had agreed to pay all of the liabilities of the defunct bank as a consideration for the assets received. Plaintiff contended, in the first trial, that his claims should be included in the liabilities and, therefore, should be paid in full by the defendant bank. This court, in the former opinion, ruled against plaintiff's contention and held that plaintiff could not recover on the contract. In remanding the case this court ordered that plaintiff should be permitted, if so advised, to amend his petition so as to state a cause of action in equity, and seek to impress the assets of the Dade County Bank with the trust fund misappropriated by the trustees to the use and benefit of that bank. Pending this litigation the defendant, Bank of Greenfield, also failed. Plaintiff amended his petition and the case was tried upon the theory, that the assets of the Dade County Bank, that passed into the hands of the defendant, Bank of Greenfield, were impressed with the aforementioned trust funds, therefore, plaintiff contended at the trial, and here asserts, that he is entitled to preferred claims to be paid out of the assets of the Bank of Greenfield. The trial court found for defendant and plaintiff appealed.

We will assume, for the purpose of this opinion only, that the assets of the defunct Dade County Bank were impressed with the trust fund and that plaintiff was entitled to preferred claims, against the Dade County Bank, to be paid out of the assets of that bank. The vital question, in this case, is whether plaintiff is entitled to follow these assets, impressed with the trust fund, and have his claim allowed against the Bank of Greenfield.

In the organization of the Bank of Greenfield, it was capitalized for fifty thousand dollars ($50,000). This capital stock was sold at its par value and the stockholders in addition paid fifty thousand dollars ($50,000), for the purpose of creating a surplus and of absorbing any loss that would be sustained by taking over a part of the assets of the Dade County Bank and assuming its liabilities. The Bank of Greenfield purchased and received, from the Dade County Bank, notes aggregating ninety-three thousand three hundred twen-

ty-one dollars and thirty-three cents ($93,321.33), banking house, furniture, fixtures and other items listed at eighty-two thousand four dollars and seventy-six cents ($82,004.76), making the total of resources received, one hundred seventy-five thousand three hundred twenty-six dollars and nine cents ($175,326.09). The Bank of Greenfield paid for these assets by assuming all of the liabilities of the Dade County Bank, as shown by the books of said bank, on June 28, 1924, excepting capital stock and surplus. These liabilities, assumed by the Bank of Greenfield, amounted to two hundred seventeen thousand four hundred fifty-six dollars and eighteen cents ($217,-456.18). Thus the surplus of fifty thousand dollars ($50,000), paid in by the stockholders, was reduced to less than eight thousand dollars ($8,000). In the contract, pertaining to this matter, the Dade County Bank is the party of the first part and the Bank of Greenfield is the party of the second part. The clauses of said contract are in part as follows:

"It is further agreed by and between the parties hereto that in return for the transfer of the assets of the Dade County Bank as above stated that second party does hereby agree to assume and pay all the liabilities of the Dade County Bank, excepting that of capital stock and surplus.

"The assets of the Dade County Bank, described under Schedule A and made a part of this contract are reserved for the use and benefit of the first parties hereto and the same are to remain in their possession and all collections and other business in connection with the liquidation of the same is to be handled by the first parties hereto, and it is agreed that all business in connection with the liquidation of said assets is to be done outside of the banking rooms or place of business of the second party herein; second party herein not to be liable in any way for payment of *of* costs and expenses in the liquidation of assets described under Schedule A.

"The first parties hereby guarantee that the books of the Dade County Bank, Greenfield, Missouri, show its true condition and that all accounts, books, balances and other items in both assets and liabilities of said Dade County Bank as shown by the books of said bank at the close of business on June 28, 1924, and taken over under the terms and conditions of this contract are correct; and it is hereby expressly agreed that in the event any errors or discrepancies are found in either the assets or liabilities taken over under this contract by the second party that the first parties will reimburse second party for all sums actually paid out by reason of such errors or discrepancies. Second party agrees that in the event such errors or discrepancies are in favor of the first parties that it will pay to first parties the amount or amounts of such errors or discrepancies."

The Dade County Bank reserved to itself the following assets as shown by a recapitulation of the notes described in Schedule A, referred to in the contract.

| | |
|---|---:|
| "Total Loan reserved from loans in case | $47,106.52 |
| "Total reserve for collateral First National Bank of St. Louis | 4,210.95 |
| "Hollad Banking Company | 6,835.65 |
| "Intermediate Credit Bank | 2,186.36 |
| "War Finance Advance No. 1 | 23,357.75 |
| "War Finance Advance No. 2 | 8,091.94 |
| "Total loans reserved under Schedule A. | $91,789.17" |

The assets reserved were of doubtful value. The Bank of Greenfield discharged the obligations it assumed of the Dade County Bank, by paying direct all claims as disclosed by the bank records of June 28, 1924. The depositors were given credit, on the books of defendant bank, for sums equal to the amount they had on deposit in the Dade County Bank. These deposits were subject to be withdrawn, by the depositors, in the ordinary course of banking business. Many of these depositors did withdraw their deposits and were paid by the Bank of Greenfield. The testimony shows that plaintiff did not apprise the defendant bank of any claim he pretended to have against the assets of the Dade County Bank until nearly a year after its organization. In deciding this case it must be remembered that the contest, in this case, is not between the plaintiff and the defendant bank, but between plaintiff and the creditors of the defendant Bank of Greenfield. [Bircher v. Walther, 63 S. W. l. c. 691; In re Farmers' Exchange Bank of Gallatin, 37 S. W. (2d) l. c. 943; Pearson v. Haydel, 90 Mo. App. 253.] In cases of this nature, where a trustee has mingled trust funds with his own, all of the property of the trustee is impressed with the trust fund misappropriated. If the trustee becomes insolvent, the *cestui que trust* is entitled to the preferred claim, as against the general creditors of the trustee, if he can show that the trustee has mingled trust funds with his own and that the estate of the trustee has been enriched thereby. This doctrine also applies to a trustee *ex maleficio;* in this case the Dade County Bank. [In re Linn County Bank, 1 S. W. (2d) l. c. 209 (4, 5); Horigan Realty Co. v. Flynn, 253 S. W. 403; Nichols v. Bank of Syracuse, 278 S. W. 793.]

The law permits the *cestui que trust* to recover the amount misappropriated to the extent that it has enriched the assets of the trustee, on the theory that the estate came into the possession of the trust property unlawfully, and that in equity the *cestui que trust* is entitled to it as against the general creditors. The general credi-

tors are not hurt because in reality the trust fund forms no part of the assets to which the general creditors are entitled. [Pearson v. Haydel, 90 Mo. App. 1. c. 261, 262; Horigan Realty Co. v. Flynn, 253 S. W. 1. c. 405 (2); Evangelical Synod v. Schoeneich, 45 S. W. 1. c. 650.]

Applying the above rules of law to the present case; is plaintiff entitled to a preferred claim against the assets of the Bank of Greenfield, now in the hands of the finance department, as against the general creditors of that bank? We think not. The rule that, "one who deals with a trustee, knowing that he is dealing with trust property, does so at his peril," may be applied to its fullest extent against the Dade County Bank, as disclosed by the former opinion. This rule, however, does not apply in this case. In the first place, the contest is between the creditors of defendant and plaintiff. Again, the Bank of Greenfield, so far as the record discloses, had no dealings whatever with the trustees. The contract mentioned and all its dealings were with the Dade County Bank, which was not the trustee. The property taken over by the defendant bank was not property belonging to the *cestui que trust*, but it was the property of the Dade County Bank, subject only to be impressed with the trust fund belonging to the *cestui que trust*, in a proper equitable proceeding against the Dade County Bank. There is no showing that the Bank of Greenfield, or any of its officers, had knowledge of any fact that would put a reasonably prudent man on his guard, that plaintiff had a claim against the assets of the Dade County Bank. The Bank of Greenfield was a new corporation. A large number of the stockholders were new, that is, they were not stockholders of the Dade County Bank. These stockholders paid for their stock in cash and, as the record shows, paid an equal amount to create a surplus. The Bank of Greenfield paid the creditors of the Dade County Bank and paid full value for all assets it received or took over from that bank. If plaintiff's claims were allowed, it would be at the expense of the general depositors and creditors of the defendant bank, who are not the same creditors as the creditors of the Dade County Bank.

Missouri courts have been more liberal than the courts of other states in allowing preferred claims in favor of a *cestui que trust*, whose property has been misappropriated, as will be noted in L. R. A. 1916C, page 21, et seq., and the following Missouri cases. [Evangelical Synod v. Schoeneich, 45 S. W. 647; In re Farmers' Exchange Bank of Gallatin, 37 S. W. (2d) 936; Consolidated School Dist. No. 4 of Texas County v. Citizens' Sav. Bank of Cabool, 21 S. W. (2d) 781.] The test applied in Missouri may be stated as follows: If the representatives of an insolvent estate come into pos-

session of assets that have been augmented by reason of the misappropriation of trust funds, then a court of equity will allow the *cestui que trust,* or his representative, a preferred claim to the extent that it can be shown that the trust funds have enriched the assets and no more. The general creditors are entitled to all of the property rightfully belonging to the insolvent estate. This rule is forcefully demonstrated in Horigan Realty Co. v. Flynn, 253 S. W. 403. In that case the court found that the trustee, against whose estate a preferred claim was asked, had dissipated the funds and, therefore, the claimant of the trust fund could not recover the amount dissipated. The court speaking through TRIMBLE, P. J., said:

"The object of the suit is not to punish some one for the wrong Flynn did, but the action is really between different creditors of the estate in order to give to the plaintiff what rightfully and in equity belongs to it. The other creditors, benefiting in no way by Flynn's conduct, should not be held responsible for what he did, since they are no more to blame therefor than plaintiff, if indeed as much so, since it was plaintiff itself that put Flynn in the position where he could commit the wrong. The funds spent and given away by Flynn are gone, and nothing remains of them to be the subject of the trust. [Ginsburg v. Mears, 170 Fed. 427, 95 C. C. A. 597; City Bank, etc. v. Blackmore, 75 Fed. 771, 21 C. C. A. 514.] It would seem that the chancellor in this case went as far as the facts and the authorities allow him to go in enforcing the trust or in allowing a preference."

So in this case the creditors of the Bank of Greenfield are in no way benefited by the malfeasance of the trustees, Harrison and Van-Osdell, or by the acts of the trustee, *ex maleficio,* the Dade County Bank. The assets of the Bank of Greenfield were in no way augmented by the misappropriation of the trust funds. That being true it follows that plaintiff is not entitled to a preferred claim. The creditors of the Bank of Greenfield are in no way to blame for this situation and it would be manifestly unjust to compel them to pay plaintiff's claims. An allowance of a preference in behalf of plaintiff would mean nothing less. [Pearson v. Haydel, 90 Mo. App. l. c. 260; Bircher v. Walther, 163 Mo. 461, 63 S. W. l. c. 691.] Our conclusion is that plaintiff wholly failed to prove that the defendant, Bank of Greenfield, was a trustee *ex maleficio,* or that its assets were enriched by the trust funds. The defendant paid full value for the assets it received from the Dade County Bank. It did a general banking business for nearly a year prior to the filing of plaintiff's suit. Its general creditors are entitled to all of the assets now in the hands of the finance department as against plaintiff. The

conclusion we have reached disposes of the case on its merits. It is, therefore, unnecessary to discuss other questions presented.

The judgment of the circuit court is affirmed. *Cooley* and *Fitzsimmons, CC.*, concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All of the judges concur.