Susie M. Benz and George S. Benz, Appellants, v. David H. Powell, Executor of the Estate of William H. Powell, Jane Coleman and Fred A. Benz, Trustee for Susie M. Benz and George S. Benz.—93 S. W. (2d) 877.

Division Two, April 23, 1936.

*H. K. Bente, Palmer & Palmer* and *Fred A. Benz* for appellants.

*Lamm & Barnett* for respondents.

1034

TIPTON, P. J.—This is an appeal from the Circuit Court of Pettis County, Missouri. The regular judge was disqualified, and the cause was tried before the Honorable A. W. Walker, judge of the Ninth Judicial Circuit of this State, who found the issues in favor of the respondents.

Appellants contend that this is an action for an accounting, while respondents contend it is an action to follow trust funds. From

an examination of the pleadings and the trial theory, we have concluded that the contention of the respondents is correct. The petition is in five counts and each count is the same, with the exception that a different fund or property is sought to be recovered.

Count one of the petition alleges that Maggie Shively died February 5, 1920, and by her will she devised one-half of her property to her daughter, Jane Coleman, and the other one-half of her property to William H. Powell, as trustee for her other daughter, Susie M. Benz, with directions to pay the income therefrom to this daughter during her life, and the remainder of this fund or estate to her child or children; that George S. Benz is her only child; that William H. Powell was also the executor of the estate of Maggie Shively; that William H. Powell died November 4, 1931, and that the respondent, David H. Powell, is the executor of the estate of William H. Powell; that the defendant, Fred A. Benz is now the duly qualified successor of William H. Powell, as trustee of the trust estate for the benefit of Susie M. Benz; that Jane Coleman has received all of her share of the estate of Maggie Shively; that in the inventory of the estate of Maggie Shively, there was listed real estate being Lots 9 and 10 of Block 21, of Smith and Martin's Second Addition of the City of Sedalia, Missouri; that this real estate was partitioned; that William H. Powell as trustee received one-half of the net proceeds of partition sale which was $6986.86, "and took possession of same and wrongfully and fraudulently converted same to his own use and wrongfully and fraudulently added same to the assets of his (Powell's) own private estate, and that the said Trustee, William H. Powell, with intent to cheat and defraud these said Plaintiffs, did then wrongfully, fraudulently, willfully and designedly mix, intermingle, invest and reinvest the said trust fund of $6,986.86 and the interest and income thereon, with his own private estate so that said moneys or trust estate or assets of $6,986.86, and the interest or income thereon became and are now indistinguishable and inseparable one from the other, in the assets of the private estate of said William H. Powell, deceased, for all of which said amounts the assets of his (William H. Powell's) said private estate became and are unduly and wrongfully enriched, increased or swelled, to the injury, loss or damage to these Plaintiffs."

The petition further alleged that, "these Plaintiffs are now entitled to have said sum of $6,986.86, together with said income thereof since July 5, 1920, regarded, treated, allowed and impressed upon and against all of the property, assets or estate of the said William H. Powell, deceased, as a preferred claim or demand, ahead of all other claims, demands, allowances, and costs, of every and all kinds or classes whatsoever of all general or special creditors thereof."

Count two is predicated upon the theory that $347.31, found its way into Powell's private estate.

Count three is predicated upon the theory that $13,600, found its way into the private estate of Powell. This sum represents the appraised value of thirty-four shares of Citizens National Bank stock at $400 per share. (In Mrs. Shively's estate were seventy-three shares of stock in the Citizens National Bank which was appraised at $400 per share.)

Count four is predicated upon the theory "that said settlements were false and untrue in that no account therein was made or given for five of said shares of said bank stock of the value of $2,000.00."

Count five is predicated upon the theory that there was $1000 in "Baby War Bonds" and that William H. Powell "took possession and held wrongfully and fraudulently added same to the assets of his (Powell's) own private estate."

The defendant, Fred A. Benz, one of the attorneys for the appellant, made himself, as successor trustee, a defendant, and then filed a separate answer in which he avers that he is not a necessary party, has refused to join as a party plaintiff and disclaims any interest in the cause.

George S. Benz, a son of Susie Benz, is both plaintiff and defendant and as defendant he filed no pleadings.

The defendant Jane Coleman is made a defendant and filed no answer.

The answer of the respondent, David H. Powell, was a general denial, coupled with pleas of estoppel and limitation; it then set out in inventory of the estate of Maggie Shively, and traced the trust fund of which Mrs. Benz was the beneficiary to the securities that were deposited in a safety deposit box in the Citizens National Bank of Sedalia, and then concluded with the following paragraph:

"Defendant, David H. Powell, executor as aforesaid, avers that he has been ready and willing and is still ready and willing to deliver said property and all of said property to Fred A. Benz, substitute Trustee for Susie M. Benz, et al., under the will of Maggie Shively, deceased, and substitute or successor Trustee as aforesaid appointed by the Circuit Court of Pettis County, Missouri, after the death of William H. Powell, but said Fred A. Benz, Trustee, as aforesaid, refused to take and accept and receipt this Defendant for same, and still refuses to do so. This Defendant further avers that said securities are deposited in a safety deposit box in the Citizens National Bank of Sedalia, Missouri, and he now offers to deliver the same to the said Fred A. Benz, Trustee as aforesaid."

In their brief the appellants admit that the case was tried on the theory that it was an action to discover assets. That was the theory of their petition. Their petition alleges that William H. Powell, trustee, wrongfully, fraudulently and willfully mixed and in-

termingled the trust fund with his own private estate so that the assets of the trust fund are indistinguishable and inseparable from the private estate of William H. Powell. It also alleges that the appellants are entitled to preferred claim "ahead of all other claims." This petition states a cause of action to follow trust funds in the hands of the trustee. [Mann v. Bank of Greenfield, 46 S. W. (2d) 874, 329 Mo. 862.] It is elementary that a cause must be heard in the appellate court on the same theory upon which it was tried in the lower court. [Cook v. Sears, Roebuck & Co., 71 S. W. (2d) 73.] Appellants should not be heard to complain that the trial court tried the case on the wrong theory when the trial court followed the theory of the appellants' petition. We hold that this is an action to discover assets in the hands of the trustee or his representatives.

In order for the appellant to recover they must prove that the trust estate or a part of it created by Maggie Shively had been misappropriated by William H. Powell, and if successful in this proof, they then must prove that the part misappropriated in some form reached the estate of William H. Powell now in the possession of David H. Powell, executor of that estate. [Bircher v. Walther, 163 Mo. 461, 63 S. W. 691; Leonard v. Latimer, 67 Mo. App. 138; Raymuth Real Estate & Building Co. v. Robinson, 199 Mo. App. 515, 204 S. W. 276; Beck v. Krembs, 213 S. W. 487, 201 Mo. App. 697; Horigan Realty Co. v. First National Bank, 273 S. W. 772; Nichols v. Bank of Syracuse, 278 S. W. 793; Mann v. Bank of Greenfield, supra.]

In the case of Bircher v. Walther, supra, l. c. 467, we said:

"The rule is, as we understand it, that if trust property has been mingled by the trustee with his own property, so that one cannot be distinguished from the other, and he transfers his property to a trustee or assignee for the benefit of his creditors, a court of equity, as between the *cestui que trust* and the personal creditors of the trustee, will follow the trust property or its proceeds, and if the same can be traced into the property or assets transferred to the trustee or assignee, will impress upon such property or assets a lien in favor of the *cestui que trust* to the extent that the property or assets transferred have been swelled by the trust property or its proceeds."

We have searched the record in vain for any evidence tending to show that this trust fund or any part of it was traced into the hands of William H. Powell or his executor, David H. Powell. In fact the appellants in their brief frankly concede that they have not met this burden of proof, for they say: "Appellants made no effort to trace these specific funds into the possession of Respondent."

However, the respondent, David H. Powell, did affirmatively prove that none of the assets of the trust fund were misappropriated.

It is admitted that the inventory of the estate of Maggie Shively was as follows:

"REAL ESTATE

"Lots 9 and 10, Block 21 ·of Mrs. M. E. Martin and Miss S. E. Smith's second Addition of the City of Sedalia.

"PERSONAL PROPERTY

| | |
|---|---:|
| "73 shares of stock in the Citizens National Bank of Sedalia, Missouri | $29,200.00 |
| "250 Liberty Bonds | 225.00 |
| "Cash | 413.00 |
| "Household and kitchen furniture | |
| "Total personal property, | $29,838.08" |

After paying her debts and the expenses of the administration of her estate, one-half of her estate was given to Jane Coleman, and the other one-half was taken in possession by William H. Powell, as trustee for Susie Benz and she was paid the income therefrom until his death in the year 1931.

At the time of the death of William H. Powell, in November, 1931, the status ·of the corpus of the estate of William. H. Powell, trustee for Susie Benz was as follows:

"REAL ESTATE

"43 feet off of the north end of lot 10, Block 21 of Smith & Martin's 2nd. Add. to the City of Sedalia, Missouri. (Said real estate is and has been occupied .by Fred A. Benz and Susie M. Benz as a home, no rent having been paid, and is still occupied by them as a home.)

"PERSONAL PROPERTY

"Note of Adelia Monroe, dated Dec. 7, 1927, for $500. due 1-1-33, 6 %, secured by D. T. on real estate.

"Note of Mildred Walker, et al, dated December 27, 1921, for $500., due 1-1-33, 6%, secured by D. T. on real estate.

"Note of S. W. McClure and wife, dated December 1, 1920, for $1,000, due 12-1-35 (being extended), 5 1-2%.

"Certificate No. 341, 34 shares stock, Ct. Nat. Bank.

"Certificate deposit No. 15046, 2-3-1923, to W. H. Powell, Trustee for Susie M. Benz, issued by Cit. Nat. Bank, $38.66.

"$700. Long-Bell Lumber Co. bonds, Series A, due 7-1-1942, 6%."

E. J. Donnelly, an expert accountant, testified for the respondent. He testified that he examined the accounting contained

in the answer and the original records; from which it was made. The receipts and disbursements were "in balance". He made the computation himself from the original records. This evidence was properly admitted. The rule is well settled that, where the evidence is the result of the inspection of many books and papers, the examination of which cannot conveniently take place in court, the summary of the audit in connection with the testimony of the accountant is admissible in evidence. [Masonic Mutual Benefit Society v. Lackland, 97 Mo. 137, 10 S. W. 895, 10 Am. St. Rep. 298; State v. Findley, 101 Mo. 217, 14 S. W. 185, 66 A. L. R. 1207; State v. Matkins, 326 Mo. 1072, 34 S. W. (2d) 1; State ex rel. v. Maryland Casualty Co., 334 Mo. 259, 66 S. W. (2d) 537.]

With the affirmative evidence given by respondents' witness, Donnelly, that none of the trust funds were mingled with the private estate of William H. Powell, and with the admission of the appellants that they did not trace any part of this trust fund in the estate of Powell, we deem is unnecessary to detail the other evidence offered by the respondent which tends to show that all of the trust estate was intact and not mingled with the estate of Powell.

Under the evidence the judgment of the trial court was for the right parties and should be affirmed. It is so ordered. All concur.