ADDIE TOWNSEND, RESPONDENT, v. ERRETT MOSELEY, A PERSON OF UNSOUND MIND, AND ANNA M. WOLF, HIS GUARDIAN AND CURATOR, APPELLANTS.—134 S. W. (2d) 660.

Kansas City Court of Appeals. November 20, 1939.

*Lamkin James, A. D. Sappington* and *Cave & Hulen* for appellants.

*Johnson & Bacon* for respondent.

SHAIN, P. J.—In this action the plaintiff filed a petition in two counts against the defendant, an insane person, and his guardian and curator. The first count of plaintiff's petition declares on matters precedent to adjudication of insanity, and the second count on matters following the appointment of guardian and curator.

There are inconsistencies and incongruities in the proceedings in the trial court that must be considered in any intelligent review of the case.

In the first count of plaintiff's petition, she alleges general allegations of performance of service, etc., as follows:

"Plaintiff further states that between the first day of March, 1931, and the second day of July, 1937, at the special instance and request of the said Errett Moseley, the plaintiff performed certain services, work and labor for, and furnished and provided certain board and lodging for and paid certain accounts and obligations for the said Errett Moseley.".

There are allegations of receipt and acceptance by said Moseley, and also as to the reasonable value of same, which is alleged to be "Four Thousand Seven Hundred Thirteen and 70/100 Dollars ($4,713.70)." Up to this point of the petition the language indicates *quantum meruit*. However, immediately following the $4,713.70, it is averred as follows: "Which the said Errett Moseley promised to pay the plaintiff." The petition with the above language apparently states a cause of action on an express contract.

Incongruity appears in that which follows the above. The petition treats the matter as a running account. The petition contains the following language, to-wit:

"Plaintiff further states that an itemized statement of said account is attached hereto, filed herewith and made a part hereof and marked Exhibit 'A'."

Exhibit A is shown as attached to the petition and gives indication that plaintiff intended to base his action on *quantum meruit*. However, Exhibit A was never introduced in evidence and is out of the case.

Count two of plaintiff's petition is clearly a statement of a cause of action in *quantum meruit* for the stated amount of "Four Hundred Seventeen and 50/100 Dollars ($417.50)." The petition avers as follows:

"Plaintiff further states that the reasonable value of the neccessaries so furnished by her to said Errett Moseley at the time and place the same were furnished was and is the sum of Four Hundred Seventee and 50/100 Dollars ($417.50) for which the defendant Errett Moseley, is now indebted and liable to plaintiff.

"Plaintiff further states that an itemized account of said necessaries so furnished by plaintiff to said Errett Moseley as aforesaid is attached hereto, filed herewith, marked Exhibit 'B' and made a part hereof."

Said Exhibit B appears attached to the petition but was not introduced in evidence and, therefore, is out of the case.

The defendants as to both counts in plaintiff's petition, answer by challenging the jurisdiction for reason of fact that plaintiff had brought suit directly in the circuit court without presentation, as provided for allowance of claims, in the probate court.

This contention is not urged in defendants' brief and is settled by the opinion in Teck v. Teck, 120 S. W. (2d) 169.

Defendants further deny answer as to both counts by general denial and plea of payment evidenced by a $4000 note.

Trial was before a jury and the jury verdict appears as follows:

"We, the jury, find for the plaintiff on both counts of the petition, a sum of $2300, twenty-three hundred dollars.

"(Signed)          John S. Craig, Foreman."

Judgment was entered in accordance with the above verdict and defendant duly appealed from said judgment.

The assignment of errors appears as follows:

"I.

"The Court erred in giving Instruction Number 3 requested by respondent.

"(a)   This instruction erroneously comments on and magnifies the evidence and specifically sets out and comments on certain items and dates included in an exhibit attached to plaintiff's petition.

"(b)   This instruction is erroneous because it comments upon and magnified the amount sued for in the first count of plaintiff's petition.

"II

"The Court erred in giving plaintiff's Instruction Number 2 requested by respondent.

"III

"The Court erred in giving Instruction Number 1 requested by respondent.

"IV.

"The Court committed error in refusing appellant's instruction in

the nature of a demurrer at the close of plaintiff's evidence and the close of all the evidence for the reason:

"(a) The respondent had accepted from Errett Moseley, the ward, a promissory note in the sum of $4000 in payment of whatever claim or account she had against him, and the respondent had retained said note from the 18th day of November, 1936, until after the beginning of this trial on September 21, 1938.

## "V.

"The Court erred in refusing appellant's Instruction Number 4."

Assignments two, three and five fall short of requirements as to pointing out wherein error lies and reason for same.

The record clearly discloses that the case was tried in the circuit court upon the theory that plaintiff's cause of action was one on *quantum meruit.*

At the outset, defendants made objections that were based upon the theory that a written contract for lease was involved. The trial court properly ruled that the lease contract was not involved. Testimony based upon *quantum meruit* was objected to on grounds of incompetency of witnesses' qualifications, but never upon the theory that the first count was an action on contract.

In Benz v. Powell, 338 Mo. 1037, the opinion says: "It is elementary that a cause must be heard in the appellate court on the same theory upon which it was tried in the lower court. [Cook v. Sears, Roebuck & Co., 71 S. W. (2d) 73.]"

It appears from the record before us that but little attention was paid to the fact that plaintiff had sued in two counts. Regardless of the fact that the court by its instructions had directed the jury to make separate findings on seperate counts, it brought in a lump sum verdict.

The following appears in the judgment entered by the court:

"And the court now in open court before the jury is discharged, asks the plaintiff and the defendants and their counsel if they have any objection to urge as to the form of the verdict, and all parties stated they did not have such objection and the jury is thereupon discharged and the court now finds from the petition and the pleadings that no judgment or relief was asked or sought against the defendant, Anna Wolf, guardian and curator of Errett Moseley, but that she was joined as defendant solely because she was guardian and that the only relief sought in said pleadings was against the defendant, Errett Moseley, a person of unsound mind, and that the jury has awarded a verdict in favor of the plaintiff herein in the sum of Twenty-three hundred ($2300) Dollars, the amount found for her on both counts of the petition by the jury, together with her costs herein expended and that execution issue therefore."

By reference to the prayers of both counts, it is disclosed that judgment is asked alone as "against the defendant Errett Moseley."

544

Nineteen witnesses were called and testified on behalf of defendants.

Oval McClain, son of plaintiff, is the only witness that testified as to the reasonable value of services rendered to Mr. Moseley. In this witness' direct examination, the following appears:

"I have boarded people at different times and I am familiar with the reasonable value of board. From March 1, 1931, until September 15, 1937, the reasonable value of the board that my mother furnished Moseley was $1 a day, that is the customary price.

"I have hired people to take care of sick people and I am familiar with the reasonable value of such services as my mother rendered to Moseley in the matter of laundry and taking care of him.

"Q. Let's divide the period for those services, and take the services for the two-year period from March 2, '31, up to March 2, '33—those first two years—what in your opinion would be the reasonable value of the services your mother rendered Moseley in the way of laundry, washing for him, attending to him in the way she did?

"MR. CAVE: I object. This witness isn't shown qualified to put reasonable value on things of that kind in that community.

"MR. JOHNSON: This witness has testified that he has hired people to do those similar services.

"MR. CAVE: He never showed when or where that was.

"MR. JOHNSON: That is cross-examination.

"MR. CAVE: No it isn't, he has to be qualified.

"Q. Have you ever employed people to do nursing and taking care of people, and do you know of the reasonable price in that community for such services? A. Yes, sir, when my mother—she had lockjaw in '34, and when she had to have a nurse night and day, it cost $12 for twenty-four hours.

"MR. CAVE: That is not the same circumstances at all.

"THE COURT: Objection sustained, and jury will disregard it.

"Q. Do you know of people being hired, and have you hired them, to do similar work that your mother was doing for Townsend (Moseley)? A. No, I know of people just doing general nursing.

"Q. What in your opinion, was the reasonable value of the services your mother rendered in the way of that laundry and other work she did for Moseley, for the first two year period beginning March 1, '31 to March 1, '33?

"MR. CAVE: I object. The witness has not shown any qualifications for placing values on services of this kind.

"THE COURT: Were you there during all this time?

"THE WITNESS: Yes, sir.

"THE COURT: You saw the services your mother rendered?

"THE WITNESS: Yes, sir.

"THE COURT: Objection overruled.

"To which ruling of the court the defendants, by their counsel, then and there duly accepted at the time and saved their exceptions.

"A. Well, $1 a day ought to be reasonable, anyhow.

"Q. Now then, what in your opinion, was the reasonable value of the services, laundering, shaving, taking care of slop jar, and bathing, and all the other services that your mother rendered for Moseley, for the second period of two years beginning on March 1, '31, up until March 1, '35; what were they worth per day?

"MR. CAVE: I object for the same reason, showed no qualifications of this witness to testify in matters of that kind.

"THE COURT: Objection overruled.

"To which ruling of this court the defendants, by their counsel, then and there duly excepted at the time, and saved their exceptions.

"A. It would vary. There is times when he would be bedfast for a little while and then get up again and come to the table.

"Q. What would be the reasonable value of those two years from March 1, '33, to March 1, '35?

"MR. CAVE: We renew our objection.

"THE COURT: Objection overruled.

"A. I would say $2.50 a day would be reasonable, for all the services and board and lodging.

"Q. Take the period from March 1, 1935, to March 1, '37—those two years—what in your opinion was the reasonable value of the services rendered?

"MR. CAVE: We renew our objections for the reasons given.

"THE COURT: Objection overruled.

"A. I would say the last year—'37—was when he was at his worst—

"Q. Take the period, McClain, from March 1, '35, up to and including March 1, '37? A. It varies those—'36 he wasn't as bad as he was in '37.

"Q. I know, but what, in your opinion, would be a reasonable value of those services for two years?

"MR. CAVE: I object. The witness shows the different circumstances over the two year period. Don't try to get him to guess and lump it off.

"THE COURT: Objection overruled.

"Q. Just state. A. Well, I have paid $6 a day for less services because—

"MR. SAPPINGTON: I object—

"THE COURT: Objection sustained, the jury will disregard the answer to the last question.

"Q. What in your opinion, was the reasonable value of the services your mother rendered from March 1, '35, to Mr. Moseley, until March 1, '36? Just that one year?

"MR. CAVE: We renew our objections for reasons heretofore given.

"THE COURT: Objection overruled."

To which ruling of the court, the defendants, by their counsel then and there duly excepted at the time, and saved their exceptions.

"A. I would say $3 a day.

"Q. What, in your opinion, was the reasonable value of the services she rendered to Errett Moseley from March 1, '36, to March 1, '37?

"Mr. Cave: We renew our objection for the reasons heretofore given.

"The Court: Objection overruled.

"A. It was really worth $5 a day for the practical nursing, I would think, the last year.

"Q. State, Mr. McClain, now what; in your opinion, was the reasonable value of the services rendered by your mother for Errett Moseley from March 1, '37, up to July 1, '37, per day?

"Mr. Cave: We renew our objection for the reasons heretofore given.

"The Court: Objection overruled.

"A. Worth quite a bit—almost twenty-four hour service—had to be up with him at night.

"Q. What, in your opinion would that be worth per day? A. I would say $4.

"Q. How much? A. Four dollars.

"Q. Now what, in your opinion, was the reasonable value of the services that your mother rendered for Moseley from July 2, 1937, up to September 15, '37?

"Mr. Cave: We renew our objection to that question.

"The Court: Objection overruled.

"A. That would be about the same, I guess.

"Q. What in your opinion, per day? A. Four dollars."

In connection with this witness testimony, there are exhibits testified to showing medical and drug bills paid by plaintiff. The other witnesses testifying on behalf of plaintiff testify only as to the need and nature of services.

Ten witnesses testify on behalf of defendants as to the physical and mental condition of Mr. Moseley, and as to his ability to look after himself.

Defendants further introduced in evidence their Exhibit B showing a list of checks drawn by Moseley and made payable to plaintiff totaling $680.75 from March 1, 1931 to June 14, 1937.

Defendant also introduced a note of November 18, 1936, for $4000 signed by Moseley and made payable to plaintiff.

Defendant further introduced a deed showing Moseley as grantor and plaintiff as grantee, and also a will wherein Moseley is donor and plaintiff is donee. As to aforesaid will and deed, we conclude that while admissible as explaining other matters, they have no potent value in the case.

As to the $4000 note, plaintiff testifies that same was not taken as payment and the note was surrendered in court.

The giving of a note for the amount of an account does not necessari-

ly bar an action on the account. The rule as to such a matter is well expressed in an opinion by Judge KEMP of this court in his opinion in Citizens Bank of Liberty v. J. P. Thompson (No. 19507) as follows:

"It seems to be well-settled that where a note is given by a debtor to a creditor for a pre-existing debt, and the note is retained by the creditor, it will have the effect of postponing the creditor's right of action until the date of maturity of the note. [1 Corpus Juris *Secundum,* page 1389, paragraph 124 (g).]"

In the above opinion, Barton Lumber Co. v. Gibson, 176 Mo. App. 699, is cited and quoted. The opinion also cites State Highway Board v. Southern Surety Co., 9 S. W. (2d) 92, and other cases.

The surrendered $4000 note was past due before plaintiff's suit herein was filed.

One traveling a meandering road often needs guide posts to point the way. We have tried in our discussion above to point out the pathway for a review of this case.

The defendants' first assignment is directed at plaintiff's Instruction three. This instruction purports to be directed to plaintiff's count one. The instruction is a long one and directs a verdict based upon findings of fact as to "whatever sum, if any, you may find and believe from the evidence such services so rendered by her, if any, and such board and lodging so furnished by her, if any, and said accounts so paid by her, if any, were reasonably worth, at the time and place they were furnished, if you find they were furnished, not exceeding, however, the following amounts:

"Board and lodging, if any, from March 1, 1931, to July, 1, 1937, not exceeding ....................$1,140.00
"Services, if any, from March 1, 1931, to March 1, 1933, not exceeding .............................. 730.00
"Services, if any, from March 1, 1933, to March 1, 1935, not exceeding .............................. 730.00
"Services, if any, from March 1, 1935, to March 1, 1937, not exceeding .............................. 1,460.00
"Services, if any, from March 1, 1937, to July 1, 1937, not exceeding ............................. 610.00
"Board and lodging, if any, 2 well drilling employes of Errett Moseley, not exceeding .................. 14.00
"Account, if any, paid Dr. J. W. Hurst not exceeding .. 9.25
"Account, if any, paid Morgan Drug Co. January 15, 1937, not exceeding .......................... 7.65
"Account, if any, paid Morgan Drug Co., April 12, 1937, not exceeding ............................... 5.80"

The instruction then proceeds to warn the jury that the amounts mentioned are not mentioned as directing their finding for same or any amount, but as a limit beyond which the jury cannot go.

Outside of references to plaintiff's Exhibit A, not in evidence, we find nothing in the record wherein such items as appear in the instruction are testified to by any witness. We feel justified in referring to said exhibit, though not in evidence, for the sole purposes of premises to a conclusion.

It appears evident, when considered in the light of the whole record before us, that the trial court gave the instruction complained of upon the theory that plaintiff's Exhibit A was in evidence.

In said instruction are included eight items with exact amounts as appear in Exhibit A together with an item for board. Exhibit A neither being offered in evidence and no evidence appearing to support these specific items of the exhibit, there is no justification for setting out in the instruction the items occurring in the exhibit.

We are not challenging the right of litigants to, by mutual consent, depart from the literal or technical construction of the pleadings. However, upon whatever theory this case was tried, we conclude that instruction three, complained of, is in error in embracing items of account contained in an exhibit that is not in evidence and concerning which items no witness testifies to the reasonableness of the charges therein specified.

As to defendants' assignment four, what we have said above as to the $4000 note that was placed in evidence, leads to our conclusion that the trial court did not commit error in holding that the same, under the facts and circumstances disclosed, was not a bar to plaintiff's action.

There are some questions that we are not called upon to review which we feel justified in calling to attention for the reason that a re-trial will probably occur.

The form of the verdict is confusing and the judgment entry presents difficulties.

As to the judgment, same being alone against an insane person, we conceive that the question of execution might present grave question. Further, upon a re-trial, if any, we suggest that pleadings should be so reformed as to avoid the confusion that we have commented upon in our opinion.

Based upon conclusions stated above, the judgment is reversed and cause remanded. All concur.