### DREDGE et al.  v.  BUSBY.

No. 21966.

Kansas City Court of Appeals.

Missouri.

June 7, 1954.

M. E. Ford and E. L. Bartram, Maryville, for appellants.

Thompson & Dalton, Gene Thompson, Maryville, for respondent.

BROADDUS, Judge.

This is a suit in equity for accounting and dissolution of an alleged partnership, in-

volving the harvesting and marketing of blue grass seed in the years 1950, 1951 and 1952. The parties are all residents of Nodaway County, Missouri. The suit was tried on February 20th and 24th, 1953. At the conclusion of the evidence oral arguments were made, written briefs filed and the court took the case under advisement. On April 7, 1953, the court found that there was no partnership agreement or relationship between the parties for the years 1950 and 1952; that there was an admitted loss for the year 1951; and that there had been a complete settlement between defendant Busby and plaintiffs Dredge and Davis for the year 1950. The court dismissed plaintiffs' petition and they appealed.

The petition is in two counts. The first alleges that both plaintiffs, Dredge and Davis, formed a partnership with defendant, Busby, for the purpose of buying, curing and marketing blue grass seed; that the parties operated under said partnership during the year 1950 and bought, cured and sold a large amount of blue grass seed; that defendant, Busby, kept the books and records of the partnership; that no division of the assets was ever made, and that defendant has in his possession a large amount of money which belongs to the partnership.

The second count of the petition alleges a partnership between plaintiff Dredge *alone* and defendant Busby for the years 1951 and 1952. The prayer of this count asked, as did that of Count I, for dissolution of the alleged partnership and for an accounting.

Defendant's answer first makes a general denial and then affirmatively pleads: (1) That plaintiffs only right or compensation was a right to share in the profits: (2) that there was no agreement to share losses: (3) that plaintiffs had no interest in the seed harvested or purchased: (4) that plaintiffs had no interest or control of the management of the business; that the management and control were vested solely in defendant.

As to Count I the Chancellor found "that there was no partnership agreement or re- lation between the parties. That defendant Busby in the year 1950 employed the services and trucks of plaintiffs, Dredge and Davis, in Busby's operation of harvesting and curing blue grass, and that as compensation therefor Dredge and Davis were to receive and did receive one-fourth of the net profits from said operation each, and that there was a complete and final accord and satisfaction and settlement between the parties for said year 1950."

The evidence shows, almost conclusively, that the parties entered into a complete settlement for the year 1950. The real controversy was as to the share of the net profits each was to receive. Defendant claimed that he employed plaintiffs to work for him and was to pay each as compensation for the services rendered, one-fourth of the net profits. The plaintiffs claimed that each was an equal partner and each was to receive one-third of the net profits. The net profits for the year 1950 were $5,241.44. Shortly after the seed was sold the parties met. Defendant presented all of the figures, including the expenses and receipts, relating to the harvesting and marketing of the seed to both Dredge and Davis. The latter spent fully an hour going over the figures endeavoring to arrive at the amount of net profits. There was introduced in evidence Exhibit "1" which was a summary of the settlement for the year 1950. It was in the handwriting of plaintiff Dredge. It shows that he figured to the exact penny the net profits on the basis of one-fourth each to himself and plaintiff Davis. Defendant Busby issued separate checks to Dredge and Davis made out on the basis that they were each to receive one-fourth of the profits. Plaintiffs accepted and cashed those checks. Then, too, the conduct of the parties subsequent to the year 1950 was such as to be wholly inconsistent with any claim that a dispute remained over the division of the profits for that year. The finding of the trial court was correct as to Count I.

As alleged in Count II the transactions for the years 1951 and 1952 were solely be-

tween plaintiff Dredge and defendant Busby. The transcript discloses that about half way through the trial counsel stated: "The record may now show, by agreement of counsel, that there was a loss sustained in the year 1951, and it is agreed that 1951 is out because there was a loss sustained." The amount of the loss was $56. Although defendant Busby paid it his counsel informed the court "we are not making any claim for that." And no money judgment for such loss was entered by the court.

For the year 1952, the transactions between plaintiff Dredge and defendant are divided into two parts: One occurring in Nodaway County, Missouri, the other in the State of Iowa.

The trial court found: "With regard to the blue grass operations in 1952, that there was no partnership agreement between Dredge and Busby; that Busby employed Dredge in 1952 for a blue grass operation restricted to harvesting and curing blue grass seed in Nodaway County, Missouri, and he was to receive as compensation one-half of the profits therefrom; that as to seed harvested in the State of Iowa in 1952, that there was no partnership agreement or ·relation between Dredge and Busby with reference thereto and that Dredge furnished no services or equipment in connection therewith; that all relations including employment between Dredge and Busby had been finally terminated before the purchase of said seed in Iowa by said John Busby; and that Dredge has no interest in said Iowa seed or the profits therefrom."

As to the agreement relative to the harvesting of seed in Nodaway County, the evidence shows that Dredge stated that he did not want to be responsible for any losses that might occur. To this defendant Busby agreed and told Dredge, you can work "for me." Defendant furnished all of the money and left specific instructions with the bank as to the form of the checks to be used; that these instructions were given and followed was corroborated by Dredge's own testimony. Dredge testified that in 1952

"John Busby, by Harlan Dredge" was the way "we wrote all our checks."

As to the transactions occurring in Iowa, the evidence disclosed that, after the harvesting was over in Nodaway County, Chancel Conn and Paul Dredge, plaintiff's brother, borrowed Busby's "headers" and took them to Iowa to harvest seed; that some time after Conn and Paul Dredge arrived in Iowa, defendant received a long distance telephone call from Conn asking him to come to Iowa. In response to that call defendant went to Iowa. There he entered into an agreement with Conn and Paul Dredge whereby he was to pay them ten cents a pound for all seed delivered by them to him in Maryville, Missouri. That defendant paid Conn and Paul Dredge in full is conceded. Defendant testified that plaintiff Dredge "never hauled any of that seed;" that "he never put any money into it", and "he never put any labor into it."

This being an equity case it is considered *de novo* on appeal, yet: " 'In cases where there is irreconcilable directly conflicting verbal testimony, on fact issues, produced before the chancellor, it is our rule to defer to his findings thereon, because of his better opportunity to determine its credibility, at least, unless the overwhelming weight of the evidence appears to be against them'." Dolan v. Truck Equipment Co., 357 Mo. 1034, 212 S.W.2d 438, 444.

In our opinion, plaintiffs' contention that the trial Court's judgment in the instant case is against the weight of the evidence is not well taken. And that is the only point properly before us. Plaintiffs' brief sets forth several abstract propositions of law relative to joint adventures and joint endeavors. But the theory upon which this case was tried below was that a partnership existed between the parties. It is elementary that a cause must be heard in the appellate court on the same theory upon which it was tried in the lower court. Benz v. Powell, 338 Mo. 1032, 93 S.W.2d 877.

The judgment is affirmed. All concur.